·ALBANY,
Feb. 1827.

Demott
v.
Field.

\*DEMOTT *against* FIELD, administrator of Field.

Counts on promises from an intestate, and on a promise from the administrator, upon a consideration arising after the intestate's death, cannot be joined in the same declaration.

If they are, and there be a general report of referees, or general verdict for the plaintiff, judgment will be arrested.

MOTION in arrest of judgment. The declaration contained four counts: the two first, in assumpsit on promises of the intestate; and the two last on promises of the defendant, as administrator, to pay for funeral expenses of the intestate. The cause was referred, and a general report was made in favor of the plaintiff, without distinguishing on which set of counts, whether those upon the promises of the intestate, or the defendants.

*W. T. M'Coun,* for the motion, relied on *Myer* v. *Cole,* 12 John. 349.

*T. C. Pinckney,* contra.

*Curia, Per* SAVAGE, Ch. J. The case of *Myer* v. *Cole,* is in point for the motion. The different sets of counts, two being on promises of the intestate, and two on those of the defendants, for a consideration arising after the death of his intestate, require different judgments; the first, *de bonis intestatoris;* the last, *de bonis propriis.* And though the estate of the intestate in the defendant's hands would be liable over, to the satisfaction of the claim for funeral expenses; that does not alter the form of proceeding. The defendant would be liable on the promise charged upon him, whether he has property of his intestate to answer it or not.

Judgment arrested.