# Smith and Wife *against* Boyer.

On an appeal to the common pleas from the judgment of a justice, the record may be amended by the transcript, and if a declaration be filed, it may be amended also, so as to correspond with the record.

In an action by administrators against the widow of an intestate for the price of goods purchased by her at the vendue, she may give in evidence an administration account of the plaintiff's, in which there is a balance of the intestate's estate in their hands for distribution ; and she may set-off the one-third due to her against the plaintiff's claim. And the fact that the court had appointed auditors to marshal that balance among the creditors will not alter the case, if no report had been made by those auditors five years after their appointment.

ERROR to the common pleas of *Dauphin* county.

This action originated before a justice of the peace, in the names of George Boyer and William Boyer, administrators of Michael Boyer deceased, against Eleanor Boyer, for goods purchased by the defendant, who was the widow of the plaintiff's intestate, at the vendue. The justice rendered a judgment in favour of the plaintiffs, which remained until after the defendant was married to Jacob Smith, when a *scire facias* issued against Smith and wife, upon which the justice rendered a judgment for the plaintiffs, from which the defendants appealed. The appeal was entered on the docket as against Eleanor Boyer alone, and a declaration filed charging her alone, which the court permitted to be amended by the transcript of the *scire facias* suit. This was the subject of the first exception.

The plaintiffs in 1828 had settled an administration account by which there was found to be a balance in their hands, which was confirmed, and auditors were then appointed to marshal the said balance among the creditors of the intestate, and who were to make report at the next court. The order to these auditors had not been taken out of the office, when this cause was tried five years after. The defendants gave in evidence these proceedings, and asked the court to instruct the jury that they were entitled to set off the widow's share of the balance against the plaintiff's claim in this suit.

[Smith and Wife v. Boyer.]

The court was of opinion that the set-off was not allowable, and this was the subject of the second exception.

*J. A. Fisher*, for plaintiff in error.
*M'Cormick*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned, that the court below permitted the amended statement to be filed, and received evidence of the marriage of Jacob Smith with Eleanor Boyer, is not sustained. The proceeding before the magistrate, from which the appeal was taken, was a *scire facias* to have execution against the husband and wife of a former judgment rendered against the wife whilst *sole*. The first statement was defective, in not properly setting forth the parties and the cause of action. The amended statement corresponded with the cause of action and the parties as they existed before the justice, and was therefore properly allowed to be filed. It must be considered as substituted for the erroneous one, and as that on which the issue was trying before the jury. The evidence went to substantiate it, and was therefore properly received.

The settlement by the auditors of the administration account showed a balance in the plaintiffs' hands for distribution, which was confirmed by the orphan's court. Mrs Smith was entitled to one-third of that sum, as the widow of the intestate, and it was a proper set-off against the plaintiffs' claim. The reason assigned for rejecting it was, the subsequent order of the orphan's court of the 9th of February 1829, appointing three persons to apportion the assets in the plaintiffs' hands, amongst the creditors of the intestate. But it appears, that not only has no report ever been made, but the order itself has never been taken out of the office. Nearly five years had elapsed at the time of trial, without an effort that we know of on the part of the administrators to ascertain the claims of these creditors. It was the duty of the plaintiffs, by the fourteenth section of the intestate act of 1794, to have this order carried into execution, and the legal rights of the widow ought not to be postponed, under such circumstances, upon a mere allegation that there are creditors. The plaintiffs may choose never to proceed, and thus keep her for ever at bay. Besides, the order directed the persons appointed to report by the 5th of May 1829, and it then expired by its own limitation. So that, no decree of the orphan's court was in existence, but that of the 11th of December 1828 confirming the report of the auditors, which found a balance of 337 dollars 5½ cents, in the plaintiffs' hands, for distribution. As the case will go back for trial, it will be in the power of the plaintiffs, and it will certainly be their duty if there are creditors, to cause their claims to be authenticated, and the assets to be appropriated to their payment without delay, and to give the defendants credit for their share of whatever may not be absorbed by creditors.

Judgment reversed, and *venire facias de novo* awarded.