8  161
104  199.

---

## WOODWARD AND THORNTON, ADMINISTRATORS, *vs.* McGAUGH AND BROWN.

1. In a suit brought by administrators or executors, on a cause of action accruing to them as administrators or executors since the death of their intestate or testator, the defendant cannot set-off a debt due him from such intestate or testator.

2. Parol evidence to the effect that there was an understanding between the obligor, in the bond sued on, and the obligee, at the time of the execution of the bond, that the latter would not hold the former responsible on the bond, is inadmissible. Where a contract is reduced to writing, the presumption of law is, that the writing contains the whole contract, and a party will not be permitted to contradict his written agreement by parol evidence.

ERROR to Ray Circuit Court.

EDWARDS, *for Plaintiffs in Error.*

1. The testimony introduced by the defendant is wholly inadmissible, because it would be allowing parol testimony to vary the terms of the written agreement, or to superadd a substantive collateral agreement wholly inconsistent with the terms of the former.—2 Starkie, 551, 554, 555, 570; Chitty on Contracts, p. 25; Lane *vs.* Price, 5 Mo. Rep., 101.

2. Admitting that it is competent for the defendants to prove fraud, covin, and misrepresentation of the plaintiffs, and thereby render the instrument in suit inoperative, as to one or all of the defendants, the evidence introduced does not support the defence, because—

1st: There is no evidence of any fraudulent design, and the law will not presume fraud.—2 Kent, 490; 3 Ames' Dig.,14, and Suppl. notes, 3, 4, 5; Bowers *vs.* Crafts, 18 Johns. Rep., 110; Chitty on Contracts, 223.

2d: Representations made by an agent, or one acting in a fiduciary character under a naked authority, are an exception to the general rule, and are not binding unless it manifestly appear that the agent acted in the scope of his authority, and was empowered, in his capacity of agent, to make the declarations and representations relied upon.—Chitty on Contracts, 220, note; Watkins *vs.* Sackett's Administrators, 6 H. and I., 435; Lee *vs.* Munroe and Thornton, 7 Cranch, 366.

3. Woodward and Thornton are but nominal plaintiffs, and are so wholly disinterested in the transaction, that either or both would have been competent witnesses to establish the demand in suit. The parties really in interest are the heirs and creditors of the intestate, and the administrators had no power to make any agreement to the prejudice of the former, to the making of which the legal powers of the latter did not extend, and such agreement would be void.—1 Mo. Rep., 214; 1 Starkie, 136, 140, 149; Lee *vs.* Munroe and Thornton, 7 Cranch, 363; The Bank of the United States *vs.* Dunn, 6 Peters, 51; Rev. Stat., 48, sec. 31; Lair *vs.* Miller, 6 Littell, 67; 2 Starkie, 326.

4. The acts of administrators depend, for their validity, upon the facts, first, that the act was done in the exercise, and second, within the limits of their powers. If they transcend in any essential particular, their act is void.—4 Peters' Cond. Rep., 666; Mechanics' Bank *vs.* Bank of Columbia, 5 Wheaton, 326; 10 Peters, 161; 2 Starkie, 34; 2 Kent, 617, 619, 620; Chitty on Contr., 57, 60; 5 Johns. Rep., 57; 7 Johns. Rep., 390; J. J. Marshall, 291.

5. Persons dealing with those acting under an authority or power, are bound to know the extent of that power. The statute defines the limits of an administrator's power, and expressly requires him, on the sale of his intestate's effects, to take bond with security. It then becomes matter of law, and a defendant will not be allowed to say he was ignorant.—Rev. Stat., p. 48, sec. 31; 1 Peters, 607, and authorities above referred to.

6. Would not an agreement, like that proved by the witness, be a parol promise

to answer for the debt, default or miscarriage of another, (McGaugh,) and void under the statute?—Rev. Stat. p. 117, sec. 1.

7. An agreement like that proved could, at most, be equivalent to a promise by the administrators to pay the debt of McGaugh; and it is an old and well-settled rule, that such promise of an administrator is to be measured by the assets of the estate.

8. The judgment is informal, and not in pursuance of the finding of the court.

9. There is no evidence authorizing a verdict against the plaintiffs, for the defendant, for any amount whatever.

DUNN, *for Defendants in Error.*

1. The parties are not precluded from proving the facts consistent with the writing, although not expressed in it.—3 Starkie's Ev., 1046.

2. The finding of the court upon the facts is, for all legal purposes, a verdict, and, as such, will not be set aside, unless the evidence greatly preponderates in favor of the party seeking a reversal.—4 Mo. Rep., 295; 6 Mo. Rep., 61.

3. The finding is agreeable to equity and justice upon the whole matter disclosed: there is, therefore, no error in the refusal of the court below to set it aside.—2 Black. Com., 299, note 2; 4 Term Rep., 468.

NAPTON, *Judge, delivered the opinion of the Court.*

Woodward and Thornton, administrators of W. W. Mauzey, deceased, brought an action of assumpsit against the defendants, McGaugh, Brown and Davis, upon a promissory note executed by them to plaintiffs, for $175 56¼, and payable twelve months after date. Process was served on McGaugh and Brown only. At the December term, 1840, McGaugh and Brown pleaded jointly the general issue: but afterwards, at the same term, withdrew this plea, and pleaded severally the general issue, with notice of set-off. Each of these set-offs were debts due by the intestate,—McGaugh's amounting to one hundred and sixty-two dollars and thirty-seven cents, and Brown's to three dollars and sixteen cents, both of which had been duly allowed by the County Court against the estate of Mauzey, as alleged in the notices of set-off. A motion was made to set aside these pleas, but the same was overruled by the court; and afterwards, as appears by the entries on the record, the defendants withdrew their pleas as to McGaugh, and judgment by *nil dicit* went against him, and the issue between Brown and the plaintiffs was submitted to the court, and the court, upon hearing the evidence, found for the defendant twenty-seven dollars and eleven cents damages. Judgment went accordingly. A motion for a new trial was made, but overruled.

It appears, from the bill of exceptions, that the note sued on was given in consideration of goods purchased at the sale of the effects of W. W. Mauzey, deceased, by his administrators, and that Brown was security in the note. Proof was introduced to show that Brown signed the note upon the representation of Woodward; that the estate of Mauzey was indebted to McGaugh in a larger sum,

and his promise that he would allow the same as an offset against the note given by McGaugh, Brown, and Davis.

It is difficult to perceive upon what grounds the judgment of the Circuit Court, in this case, was rendered. It would seem that the security, not only was relieved from his liability on the note which he had executed, but recovered damages to the amount of twenty-seven dollars and eleven cents, against the administrators.

The set-offs in this case were inadmissible. The second section of the act regulating set-offs provides, that in suits brought by administrators and executors, debts existing against their intestates or testators, and belonging to the defendant at the time of their death, may be set off in the same manner as if the action had been brought by and in the name of the deceased.

This section was only designed to be applicable in suits brought by executors and administrators for a cause of action accruing in the life-time of the testator or intestate.

To allow such set-offs in actions brought by administrators or executors, on a cause of action accruing to them, as executors or administrators, since the death of the testator or intestate, would contravene the policy of the law regulating the distribution of estates.

It would place it in the power of a creditor to control the order in which assets are directed to be administered, and enable him, by purchasing property at the sale of decedent's effects, to pay himself, to the prejudice of creditors entitled to priority.

The plea of McGaugh being withdrawn, and a judgment against him by *nil dicit*, the judgment in favor of Brown, the co-defendant, appears unauthorized by any thing on the record. Assuming that the representations and promises of Woodward released Brown from his liability as surety, it is not perceived how that could entitle him to a recovery of twenty-seven dollars and eleven cents.

The representations of Woodward were, however, inadmissible. Where a contract is reduced to writing, the presumption of law is, that the writing contains the whole contract. Here is a promise to pay, on a day specified, a certain sum of money, for value received, and the obligor offers to prove that there was an understanding and agreement between him and the obligee, that the obligee would not hold him responsible on that promise. For this is the amount of the conversation between Brown and Woodward on that subject. This would be to permit a party to contradict his written agreement.— Curtis *vs.* Wakefield, 15 Pick. Rep., 437.

Judgment reversed, and cause remanded.