## Moody *vs* Ewing's Executors.

### Appeal from the Clinton Circuit.

### *Misjoinder of parties. Executors.*

Judge Breck delivered the opinion of the Court.

This action of assumpsit was brought by Moody to recover from the executors of Ewing, money paid him in his lifetime by the plaintiff, and after his death, to his executors, as usurious interest.

The declaration contains numerous counts, some on promises by the testator, and others upon promises by the defendants, *as executors*, for money paid them by the plaintiff as executors, and had and received by them as such. A demurrer to the declaration was overruled and issues made up upon joint and several pleas by the

*Margin notes:*

Moody
*vs*
Ewing's ex'rs.

A *cestui que trust* is a necessary party to a suit which is to affect the trust estate.

Assumpsit.

*Case* 130.

July 22.

Case stated.

MOODY
vs
EWING'S EX'RS.

Judgment of the
Circuit Court and
instructions.

The evidence in
the case.

A declaration
containing a
count on a prom-
ise by a testator
and a count on a
promise by the
defendant as ex-
ecutor, for mo-
ney paid him, or
received by him

defendants of non-assumpsit, and non-assumpsit within five years.

The Court below, upon the trial, after the plaintiff had closed his testimony, instructed the jury, on motion of the defendants, to find as *in case of a non-suit,* and a verdict and judgment having been rendered for the defendants, the plaintiff has appealed to this Court.

The propriety of the instruction to the jury by the Court below, presents the only question for the decision of this Court.

The testimony conduced to prove that the testator, at the time of his death, held a note upon the plaintiff for about eleven hundred dollars, with several credits thereon, and that this note included usurious interest to a considerable amount. That after the death of Ewing the note fell into the hands of his executor, the defendant, Haydon, to whom the balance due upon it, amounting to about $740, was paid by the plaintiff, and for which, in a settlement with commissioners, Haydon, as executor, had been charged. It moreover appeared by the settlement, that there was a balance remaining in the hands of Haydon, exceeding the amount paid upon the note of the plaintiff. The accounts of the executors were stated separately.

Upon this state of case, was the Court right in the peremptory instruction to the jury to find for the defendants? We think it was.

Whether the defendant's demurrer to the declaration was properly overruled or not, is immaterial, as we think the instruction to the jury is sustainable upon other grounds than a misjoinder of counts. It may not, however, be improper to remark, that the doctrine is well settled, that a declaration containing a count on a promise by the testator and a count on a promise by the defendant *as executor,* for money paid him or received by him as such, is bad on general demurrer. And upon the ground that in the one case the judgment would be *de bonis testatoris,* and in the other *de bonis propriis*: (1 *Chitty,* 234;) *Myre, &c.* vs *Call & Niven,* (12 *Johnson,* 349;) *Demott* vs *Field,* (7 *Cow. Rep.* 58; (7 *B. Monroe,* 328.)

But in this case the plaintiff wholly failed to establish his right to recover upon the promise of the testator.

Upon the counts charging a promise upon the defendants *as executors*, for money paid to or received by them as such, he could not, according to the authorities just cited, recover against them in their representative capacity. If liable at all in this action, they would be personally liable. But to subject them to a joint personal liability , the promise must have been joint, which the testimony entirely failed to establish.

The proof is clear that the note of plaintiff was in the hands of defendant, Haydon, as executor, and that the money was all paid to him and without any participation on the part of the other executor or defendant; and that the same or an equivalent amount still remained in his hands. As the plaintiff therefore, failed to show any express promise by the defendants, and as the law would not raise an implied promise on the part of the defendant, Carter, for money which he did not receive, and which never came to his hands, and which neither he nor his co-executor or defendant, in either their representative or individual capacity was entitled to, the plaintiff could not recover in this form of action. Whether a declaration could or not, have been so framed as to render the defendants liable in their representative capacity, we will not stop to enquire. A bill in equity would, no doubt, have been the more available remedy.

Wherefore, the judgment is affirmed.

*J. & W. L. Harlan* for appellant; *B. & A. Monroe and Beard* for appellees.

MOODY
*vs*
EWING'S EX'RS.

as such, is bad on general demurrer, as the judgment in the latter case should be *de bonis propriis* and in the former *de bonis testatoris.*

To authorize a joint judgment against two who are sued as executors, the proof must show a joint liability as such.

If two executors are sued jointly and one only is proved to be liable, and he personally liable, the plaintiff must fail.