McLaughlin, Administratrix, etc., Respondent, vs. Winner, Appellant.

*April 2 — April 28, 1885.*

Estates of Decedents. *(1) Contracts of administrator: Setoff or counterclaim: Appropriation of assets to payment of debt. (2) What claims may be allowed. (3) Personal liability of administrator.*

1. In an action by an administrator upon a contract made by himself as such, or to recover assets belonging to the estate, the defendant cannot set off or counterclaim a debt due him from the deceased; nor can he set up the appropriation by the administrator of the assets in suit to the payment of such debt, unless he shows that such appropriation was made under such circumstances that it could not prejudice the rights or interests of any other persons interested in the estate.

2. The claims and demands which, under sec. 3838, R. S., the county court has jurisdiction to receive and adjust are such as existed at the time of the death of the decedent or result from contracts made by him, and do not include claims or liabilities incurred by the personal representative in executing the trust.

3. Upon contracts made by an executor or administrator, in the discharge of his duties as such, he is liable personally, and his liability does not depend upon the fact that he has assets in his hands sufficient to discharge the debts so incurred; and the judgment, if any be recovered, is to be satisfied out of his property, and not out of the estate of the deceased. Exceptions to this general rule depend upon equitable considerations which clearly show that the estate ought to be charged with the payment of the claim, rather than the property of the executor or administrator.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

This action was brought by the administratrix of the estate of Peter A. McLaughlin, deceased, to recover the sum of $415.93, collected by the defendant from the firm of J. C. Roach & Co. for the plaintiff, as administratrix of said estate, and which money was due from said Roach & Co.

to the plaintiff as such administratrix; and also for the sum of $180.90, the value of certain goods, wares, and merchandise belonging to her as such administratrix, and sold and delivered to the defendant by her as such administratrix.

The defendant answered as follows as a defense: That at the time of death of the plaintiff's intestate, said intestate was indebted to the defendant $2,355.80, stating the particulars out of which such indebtedness arose. He then alleges that he and the plaintiff, as administratrix, adjusted said amount due him from the estate of said deceased, and, as such administratrix, "she promised and agreed, in consideration of the services and acts of this defendant, hereinafter stated, to pay said sum of $2,335.80 to this defendant in full." He then admits that November 7, 1881, $1,179 was paid to him on account of said indebtedness, and on the 27th of June, 1882, the further sum of $588.40 was paid thereon, leaving unpaid on the last-named date $588.40. He then admits the receipt of the $414.25, money collected by him for the plaintiff and belonging to the estate of said deceased, and the value of the goods, etc., purchased, $180.98, November 3, 1882, from the plaintiff as administrator, etc., amounting in all to the sum of $595.28, and claims that the balance then due him from the estate, with interest, amounted to the sum of $602.92, and "that under and pursuant to the aforesaid promise and agreement made by said administratrix, he credited the account of said estate on his books with the sum of $595.23, and balanced said account, and until a short time before the commencement of this action he supposed all matters between the parties to this action were settled in full." He then alleges "that the plaintiff, wishing to settle the claims against the estate and get a reduction of the same, applied to the defendant, who was the neighbor, landlord, and largest creditor of said deceased, to use his efforts and influence to procure a settlement of said claims at less than their face value, and

promised and agreed with the defendant that, if he should effect a settlement thereof at less than their full value, to pay defendant's claim against said estate in full; that defendant, by his efforts, influence, and management, succeeded in procuring from the creditors of said estate a settlement of their claims against said estate at twenty-five per cent. less than the full value thereof, thereby saving to the said estate upwards of $3,000."

He further alleges that in consideration that he would release and cancel a lease between himself and the deceased, made in the life-time of the deceased, viz., September 1, 1880, for two years from that date, by which the deceased agreed to pay him an annual rent of $700 for the property therein described, the plaintiff, as administratrix, agreed that she would pay defendant's claim in full, and that in pursuance of said agreement he did, on or about the 1st day of November, 1881, cancel said lease. He further alleges that, in consideration of the plaintiff's promises to pay his debt against the estate in full, he and his agents and servants collected accounts and outstandings in favor of said estate to the amount of over $1,400, without cost or charge to the plaintiff.

The defendant then sets up by way of counterclaim that he, at the instance and request of the said plaintiff as administratrix, negotiated with and settled a large amount of claims against the estate of the intestate at twenty-five per cent. less than their face or full value, thereby saving the estate upwards of $3,200, and that his services in such negotiations and settlements were reasonably worth the sum of $500, and claims that the plaintiff is justly indebted to him for such services $500. As a further counterclaim he alleges that, at the request and employment of the plaintiff, he collected accounts and outstandings due said estate to the amount of $1,400, and that a reasonable compensation for his services in making such collections is $150, and that

she has paid nothing for such services, and that she is justly indebted to him therefor in the sum of $150; and demands judgment on his counterclaim that the complaint of the plaintiff be dismissed, and that he have judgment against the plaintiff in the sum of $650, with interest from December 31, 1883, with the costs of the action. The plaintiff replied to the counterclaim by a general denial.

On the trial in the circuit court the plaintiff proved her appointment as administratrix of the estate of said deceased, which had been denied by the answer of the defendant. The admission in the defendant's answer of the collection of the money and purchase of the property from the plaintiff was read, and the plaintiff stated that no part of said sum of money had been paid to her by the defendant. On cross-examination she stated that she did not know that the defendant had credited the said sums on his books to her account, and that he never told her that he had credited these sums to her account.

After the plaintiff had introduced her evidence and rested her case, the defendant offered evidence to sustain the allegations of his answer. The plaintiff objected to any evidence under the answer as stating neither a defense nor counterclaim. The objection was sustained and the defendant excepted. Defendant then offered to prove under his answer that the money received by him from J. G. Roach & Co., amounting to $414.25, and also the balance of $180.98, due from him to the administratrix for merchandise, was, with the knowledge and consent of the administratrix, credited to her account on the books of the defendant, as payment for services rendered by him in securing a settlement of claims against the estate, and in collecting outstandings due said estate, and as a consideration for the cancellation of the lease of the building No. 102 West Water street. The offer was rejected by the court, and the defendant excepted.

And thereupon the court directed the jury to find a verdict for the plaintiff for the amount of the plaintiff's claim, with interest. The defendant at the same term moved for a new trial, which was denied; and from the judgment entered upon the verdict the defendant appealed to this court.

For the appellant the cause was submitted on briefs by *Geo. B. Goodwin*, attorney, and *W. H. Austin*, of counsel.

For the respondent there was a brief by *Flanders & Bottum*, and oral argument by *Mr. Flanders*.

TAYLOR, J. The only material question in this case is the one raised upon the rejection of all evidence on the part of the defendant tending to prove the allegations of the defense or of the counterclaim. The defensive matter in the answer, if a defense at all, must be held so upon the ground that the facts alleged show a settlement between the plaintiff, as administratrix, as to the money in the defendant's hands belonging to the estate, and the appropriation of such money in his hands to the payment and satisfaction of his claim against the estate of the intestate.

The allegations in the defensive part of the answer require a most liberal construction in order to make out such a defense; but admitting, for the purposes of this decision, that such defense is set up in the answer, does it state a legal defense to the plaintiff's cause of action? We think the question must be answered in the negative. In the first place, the rule seems to be well established that in an action brought by an executor or administrator upon a contract made by such executor or administrator himself, after the death of the testator or intestate, or to recover assets belonging to the estate in the hands of a third person, a claim due from the deceased to the defendant cannot be set off or counterclaimed. The reason of the rule is that in all such cases the allowance of such setoff or counterclaim

would necessarily destroy the equal and just distribution of the assets belonging to the estate among the creditors in every case where the assets were insufficient to pay all the debts of the deceased. *Aldrich v. Campbell*, 4 Gray, 284;. *Smith v. Boyer*, 2 Watts, 173; *Aiken v. Bridgman*, 37 Vt. 249; *Woodward v. McGaugh*, 8 Mo. 161; *Newhall v. Turney*, 14 Ill. 338; *Patterson v. Patterson*, 59 N. Y. 574; *Lawrence v. Vilas*, 20 Wis. 381, 389–391; 3 Williams on Ex'rs (7th Am. ed.), 1876, bottom paging, note *p; Lambarde v. Older*, 17 Beav. 542; *Wrout v. Dawes*, 25 Beav. 369; *Root v. Taylor*, 20 Johns. 137; *Steel v. Steel*, 12 Pa. St. 64; *Shipman v. Thompson*, Willes, 103. Again, to allow the administrator to bind the estate by the appropriation of the debts due to the estate, not due from the defendant to the intestate in his life-time, to be applied to the satisfaction of a debt due the defendant upon a contract made with the intestate, would open the door for avoiding the statute, which requires that all such claims against the estate must be presented to and allowed by commissioners appointed by the county court, or by the judge of the court, as provided by ch. 165, R. S. 1878; and for the allowance of claims against the estate which had been barred by the provisions of sec. 3844 of said chapter, because not presented and allowed as required by law.

If any assets of the intestate in the hands of the administrator, other than a debt due to the estate from the defendant upon a contract made with the intestate in his life-time, can be appropriated to the satisfaction of a debt due from the intestate to such a defendant, it can only be done in a case where it is made to appear affirmatively that the assets in the hands of the administrator are abundantly sufficient to pay all the expenses of the administration, the expenses of the last sickness of the deceased, and his funeral expenses, and that at the time such appropriation by the administrator was made, the claim of the defendant against

the estate had not been barred, because not presented for allowance within the time prescribed by law. In a case of that kind there would be very cogent reasons for holding that, in an action by the administrator to recover such assets of the estate in the hands of a defendant, such an appropriation of them by the administrator, when clearly established, might be upheld as a defense to the action. See *Adams v. Butts*, 16 Pick. 343; *Patterson v. Patterson*, 59 N. Y. 574. But that is not this case, and it is not necessary, therefore, to pass upon the rights of a defendant under such circumstances.

It may be urged that sec. 3847, R. S. 1878, which authorizes the defendant to set off any claim he may have against the deceased, instead of presenting it to the commissioners, in an action commenced against him by the administrator, is applicable to this case; and that, as he might have set off his claim as a defense to the action of the administrator, he should be allowed to show that by agreement between the parties the claim of the plaintiff had been settled and paid by its appropriation to the payment of the demand he was authorized to set off in the action. There would be great force in the argument if the action brought by the administratrix in this case was an action contemplated by said sec. 3847, in which a setoff is allowed. In view of the scope of the chapter in which this section is found, it is clear to us that the actions spoken of in that section, which may be brought by the administrator, and in which such setoff may be made, are actions to recover a " debt or claim " due from the defendant to the intestate in his lifetime, and not an action to recover upon a contract made with his administrator after his appointment, or an action to recover the assets belonging to the estate which have come to the hands of the defendant after the death of the intestate.

When there are mutual claims between the intestate and

one of his creditors, there are two ways of adjusting such claims: First, under sec. 3841, when the creditor presents his claim for allowance to the commissioners, the administrator may exhibit the claim of the intestate against the creditor to the commissioners, and they pass upon both claims, and strike the balance in favor of the largest claim. Or, under sec. 3847, the administrator, instead of waiting for the presentation of the creditor's claim to the commissioners, may bring an action against such creditor on the claim due to the intestate, and then the creditor may, if he choose so to do, set off his claim against the estate in that action. This construction of this section is confirmed by the provision of sec. 4260, R. S. 1878, in relation to setoff, which reads as follows: "In actions brought by executors and administrators, demands existing against their testators or intestates, and belonging to the defendant at the time of their death, may be set off by the defendant in the same manner as if the *action had been brought by and in the name of the deceased.*"

As the action by the administrator in the case at bar was not an action in which the defendant could have set off his claim against the intestate as a counterclaim or setoff under the section above cited, it is very clear to us that he cannot set up the appropriation by the administrator of the assets of the estate for which the action is brought, to the payment of his claim against the estate, unless he shows that such appropriation was made under circumstances which could not prejudice the rights or interests of any other parties interested in the assets of the intestate.

We think the circuit judge was right in holding that the defensive matter stated in the complaint did not constitute a defense to the action, and evidence tending to prove it was properly rejected.

We are also of the opinion that the matters set up by way of counterclaim are not pleadable as a counterclaim to

the plaintiff's action, and state no cause of action against the plaintiff as administratrix.

We agree with the learned counsel that the claim set up in the counterclaim is one which commissioners appointed to settle claims against the intestate have no jurisdiction to settle or adjust.    Sec. 3838, R. S., provides that, upon granting letters of administration, "it shall be the duty of the county court to receive, examine, and adjust the claims and demands of all persons against the deceased, and such court may in its discretion, upon the application of the executor or administrator, or of any party in interest, appoint not exceeding three suitable persons to be commissioners, to receive, examine, and adjust such claims and demands when," etc.

It will be seen that the demands and claims spoken of in this section are only such as existed at the time of the death of decedent, or such as result from contracts entered into by the decedent in his life-time, and not claims or liabilities incurred by the executor or administrator in executing his trust, and arising after the death of the decedent.   3 Williams on Ex'rs (7th ed.), 1876, bottom paging, and note *o;* *Mathewson v. Strafford Bank*, 45 N. H. 104, 109.   As to this matter set up as a counterclaim, there is no objection to it on the ground that it was not presented either to the county judge or the commission for allowance.   We think it is not pleadable as a counterclaim to the action by the administratrix, because the administratrix, if liable to pay for the services performed by the defendant at her request in the settlement of the business of the estate, is personally liable therefor, and not in her character as administratrix.  It is a general rule that upon all contracts made by an executor or administrator, in the discharge of his duties as such, he is liable personally, and his liability does not depend upon the fact that he has assets in his hands sufficient to discharge the debts so incurred; and the judgment, if any be recovered, is to be satis-

fied out of his estate, and not out of the estate of the deceased. There are, undoubtedly, exceptions to the general rule, but they depend upon equitable considerations, which clearly show that the estate in the hands of the executor or administrator ought to be charged with the payment of the claim, rather than the property of the executor or administrator. *Patterson v. Patterson,* 59 N. Y. 574, 586; *Hapgood v. Houghton,* 10 Pick. 154; *Adams v. Butts,* 16 Pick. 344, 346; *Fitzhugh's Ex'r v. Fitzhugh,* 11 Grat. 300; *Minor v. Minor's Adm'r,* 8 Grat. 1; *Jennison v. Hapgood,* 10 Pick. 77; *Ferrin v. Myrick,* 41 N. Y. 315; *Seip v. Drach,* 14 Pa. St. 352; *Demott v. Field,* 7 Cow. 58; *Myer v. Cole,* 12 Johns. 349; *Gillet v. Hutchinson's Adm'rs,* 24 Wend. 184; *Reynolds v. Reynolds,* 3 Wend. 244; *Mathewson v. Strafford Bank,* 45 N. H. 104, 109; *Geyer v. Smith,* 1 Dall. 347; *Fritz v. Thomas,* 1 Whart. 71; *Grier v. Huston,* 8 Serg. & R. 403; *Masterson v. Masterson,* 5 Rawle, 139; *Powell v. Graham,* 7 Taunt. 585; *Rose v. Bowler,* 1 H. Bl. 108, 109; *Ashby v. Ashby,* 7 Barn. & C. 444; *Atchison v. Smith,* 25 Tex. 228.

The cases of *Patterson v. Patterson* and *Adams v. Butts, supra,* and *Brown v. Evans,* 15 Kan. 88, and *Dunne v. Deery,* 40 Iowa, 251, are exceptions to the general rule, and all depend upon the peculiar nature of the claim against the estate. They were claims, either for funeral expenses or tombstones, which were considered funeral expenses. In the first case, a setoff was allowed in an action brought by an administrator upon a claim arising upon a contract made by the decedent, but upon which no liability accrued until after the death, and the second was a direct action against the representative of the deceased. The setoff was allowed in the New York case, on the ground that funeral expenses in that state, as in this, have preference over all other claims against the estate, except expenses of administration; and, although very little is said on the subject in the case in Pickering, it is quite apparent that the fact that the claim

had the preference over all others was the principal ground for sustaining the action. The case in Kansas arose upon a covenant made by the administrator upon a sale of real estate of the intestate, and the setoff was allowed in an action to recover the purchase money. The case in Iowa was mostly for money lent to the administrator to pay the probate expenses.

Perhaps the claims which the defendant sets up as a counterclaim in the case at bar may be denominated as expenses incurred by the administratrix in settling the estate, and be within the reasoning of the courts in the cases above mentioned; but we are inclined to think the better rule is to hold that all claims of that kind come within the general rule, and that, as between the claimant and representative of the estate, the claim should be held to be a personal one, to be paid by the administrator, and brought into his general account for allowance by the county court, upon his final settlement in that court; otherwise the estate might suffer great detriment in the way of costs of litigation in settling the claims for such expenses. It has been and is the clear policy of the law of this state to confine, as far as it can be reasonably done, the settlement of all claims against the estates of deceased persons to the county courts, acting as courts of probate; and the jurisdiction of all other courts to entertain actions accruing in the life-time of the decedent, or arising out of contracts made by him, is taken away, except in a few specified cases, whenever the proper county court assumes jurisdiction by taking the proper steps to do so; and in the absence of any proof on the subject we must presume that such steps had been taken by the county court in the case at bar. See *Lannon v. Hackett,* 49 Wis. 261; *Carpenter v. Murphey,* 57 Wis. 541.

The policy which confines the jurisdiction of such cases to the county courts is clearly supplemented by holding with the general current of authority that no action can be main-

McLaughlin, Adm'x, etc. vs. Winner.

tained against the estate for a debt accruing upon a contract made with the administrator in person, when the consideration for such contract is not based upon a liability of the decedent to the party to whom the provision is made.   If it be urged, as it sometimes has been, that such a rule would work a hardship in a case where the administrator has incurred a liability for services which have been performed for the benefit of the estate of the intestate, and the administrator is insolvent and unable to pay, such a state of affairs has been held by some of the courts to form an exception to the general rule.   But in this state, where the county court has ample and almost exclusive jurisdiction over all matters affecting the estates of deceased persons, the proper remedy for the party performing such services for the benefit of the estate, when the administrator is unable to pay, would be to present his case by petition to the county court having jurisdiction of the matter, praying that his claim be allowed as a part of the expenses of the settlement of the estate, and procure an order from that court for the payment of what was justly due out of the estate before the distribution thereof.   We see no reason why the county court would not have jurisdiction to act upon such petition, and order the payment of such claim, if just, out of the assets of the estate.

The offer of the defendant on the trial to show that the money in his hands belonging to the estate had been in effect paid to him in satisfaction for his services performed for the benefit of the estate, was a defense, if a defense at all, not set up in his answer, and was properly excluded for that reason.

*By the Court.*— The judgment of the circuit court is affirmed.