Tracy v. The Union Iron Works.

TRACY v. THE UNION IRON WORKS COMPANY, *Appellant.*

DIVISION ONE.

**Written Contract not Varied by Oral Agreement.** The terms of a valid written instrument cannot, as a rule, be varied or contradicted by evidence of contemporaneous or prior oral agreements.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

| | |
|---|---|
| 104 | 193 |
| 104 | 361 |
| 104 | 559 |
| 104 | 193 |
| 56a | 235 |
| 104 | 193 |
| 125 | 13 |
| 104 | 193 |
| 127 | 519 |
| 104 | 193 |
| 131 | 206 |
| 104 | 193 |
| 133 | 220 |
| 65a | 535 |
| 66a | 105 |
| 67a | 17 |
| 67a | 174 |
| 67a | 248 |
| 104 | 193 |
| 146 | 417 |
| 104 | 193 |
| 81a | 261 |
| 104 | 193 |
| 95a | 472 |

THE lease mentioned in the opinion of the court is in these words, viz.:

"This article of agreement witnesseth: That H. W. Tracy has this day rented to the Union Iron Works Company, of Decatur, Illinois, in the present condition thereof, the upper story of his business house, known as 1305, 1307 and 1309 West Twelfth street, Kansas City, Missouri, said company to have the use of elevator and platform in common with the other tenants of building, and to pay their fair proportion of water rates for same, and other uses about the house; also office desk room and space for sample machine on first floor for the period of one year from the first day of May, 1884, on the following terms and conditions, to-wit:

"For the use and rent thereof, the said Iron Works Company hereby promises to pay said H. W. Tracy, or to his order, $1,000 per year for the whole time above stated, and to pay the same monthly on the first of each month; that they will not sublet or allow any other tenant to come in with or under them without the

consent of the said H. W. Tracy; that they will repair all injuries or damages done to the premises during their occupancy, or pay for the same; that all of their property, whether subject to legal exemption or not, shall be bound and subject to the payment of the rents and damages thereof; that they will take good care of the building and premises, and keep them free from filth, from danger of fire or any nuisance, and protect and defend the said H. W. Tracy from all charges for such; that the house and premises shall be fairly treated, kept clean and left so; that, in default of the payment of any monthly installment of rent for ten days after the same is due, they will, at the request of the said H. W. Tracy, quit and render to him the peaceable possession thereof, but for this cause the obligation to pay shall not cease; and finally, at the end of their term, they will surrender to the said H. W. Tracy, his heirs or assigns the peaceful possession of the said house and premises, with all the keys, bolts, latches and repairs, if any, in as good condition as they received the same, the usual wear and use and providential destruction excepted. In case of any accident that may occur to elevator, the party at fault for same shall pay for all costs of repairing made necessary by such accident.

" In witness whereof the parties have subscribed to two copies hereof, one to be retained by each of the above-named parties.

" Dated this twenty-fifth day of April, 1884.

" (Signed)        H. W. Tracy,                [Seal.]
            " Union Iron Works,            [Seal.]
            " A. R. Montgomery, Sec'y, [Seal.]"

The other facts necessary to an understanding of the case appear in the opinion.

*Albert Young* and *W. A. Alderson* for appellant.

(1) Though all anterior and contemporaneous stipulations and agreements are presumed to be merged in

a contract when reduced to writing, yet this rule does not exclude fraudulent misrepresentations made for the purpose of inducing a party to execute a contract, and as to matters and conditions precedent which go to the consideration of the signing of such instrument. Also a verbal agreement which is collateral to a lease of writing and a part of the consideration may be shown in evidence. 2 Wharton's Law of Evidence, sec. 1019; Stephen's Digest of Evidence, 104; Bigelow on Fraud, 487; *Gooch. v. Connor*, 8 Mo. 391; *Liebke v. Methudy*, 14 Mo. App. 65; *Laudman v. Ingram*, 49 Mo. 212; *Murray v. Dake*, 46 Cal. 644; *Isenhoot v. Chamberlain*, 59 Cal. 630; *Prentiss v. Russ*, 16 Me. 30; *Boyce v. Grundy*, 3 Peters, 210–219; *Thomas v. Beebe*, 25 N. Y. 244; *Renshaw v. Gans*, 7 Barr. 117; *Taylor v. Gilman*, 25 Vt. 412; *Cogers v. McGee*, 2 Bibb (Ky.) 321; *Chapin v. Dobsons*, 78 N. Y. 74; *Cozzin v. Whitaker*, 3 S. & P. (Ala.) 322; *Erskine v. Adeane*, 8 L. R. Ch. App. 756; *Angell v. Duke*, 10 Q. B. 174; *Morgan v. Griffith*, L. R. 9 Ex. 70; *Brown v. Bowen*, 90 Mo. 184; *Jeffrey v. Walton*, 1 Starkie, 213; 6 Cush. 557; 36 Me. 413; 39 Me. 271; 46 Me. 144; 3 Starkie on Ev., p. 1049; *Lewis v. Seaburg*, 74 N. Y. 409; *Juillard v. Chaffee*, 92 N. Y. 529; *Green v. Randall*, 51 Vt. 67; Stephens on Evidence, chap. 12, art. 90. (2) Whenever there are facts in dispute, or there are inferences to be drawn from facts proven, though the evidence is very slight, yet if there is some evidence the plaintiff has a right to have it submitted to the jury. Very slight circumstances, when combined, may establish deceit and fraud. The proof need not be direct or positive, but may be gathered from all the circumstances. It is the province of the jury alone to determine this. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Kelley v. Railroad*, 70 Mo. 604; *Blewett v. Railroad*, 72 Mo. 583; *Walsh v. Morse*, 80 Mo. 568; *Jackson v. Hardin*, 83 Mo. 175–86; *Dulaney v. Rogers*, 64 Mo. 201; *Brown v. Railroad*, 50 Mo. 461; *Kearne v. Keathe*, 63 Mo. 84; *Massey v. Young*, 73

Mo. 273; *Bank v. York*, 89 Mo. 369; *Gooch v. Connor*, 8 Mo. 285; *Liebke v. Methudy*, 14 Mo. App. 65.

*Warner, Dean & Hagerman* for respondent.

This case comes here through the court of appeals. The decision there was in our favor. 29 Mo. App. 342. It reaches here by reason of the opinion of Judge PHILIPS that the opinion of the majority delivered by Judge HALL was in conflict with *Brown v. Bowen*, 90 Mo. 184. We are content to place the majority opinion against the minority. Since the decision of the case by the court of appeals this court has affirmed *Pearson v. Carson*, 69 Mo. 550, and settled the doctrine in harmony with Judge HALL's opinion. See *State ex rel. Norman v. Hoshaw*, 98 Mo. 358, where this court refuses to follow Pennsylvania cases relied on by Judge PHILIPS. *Gray v. Gaff*, 8 Mo. App. 329; *Wilson v. Dean*, 74 N. Y. 531; *Miller v. Dunlap*, 22 Mo. App. 97; *Walker v. Engler*, 30 Mo. 130; *Higgins v. Cartwright*, 25 Mo. App. 610; *Smith v. Thomas*, 29 Mo. 307; *Jones v. Shaw*, 67 Mo. 667; *Rodney v. Wilson*, 67 Mo. 123; *Helmrick v. Gehrke*, 56 Mo. 79; *Chrisman v. Hodges*, 75 Mo. 413; 1 Greenl. on Ev. 275; *Bart v. Bank*, 101 U. S. 93; 2 Kent's Com. [13 Ed.] side p. 356; 2 Phillips on Ev. [4 Am. Ed.] p. 665.

BARCLAY, J.—Plaintiff brought this action to recover certain instalments of rent, due from defendant according to the covenants of a lease dated April 24, 1884, under the seals of both parties, whereby plaintiff let certain business property in Kansas City, Missouri, to defendant for one year from May 1, 1884, on terms, one of which was the payment of $1,000 rent during that period. Defendant went into possession and concedes non-payment of the rent in dispute. The reason therefor appears in the counterclaim interposed. That part of defendant's answer and the evidence supporting it raise the only question presented on this appeal.

Defendant's position is that the rent due is subject to reduction to the extent of damages sustained by defendant by the breach of a verbal agreement between plaintiff and defendant, the admissibility of which in evidence is the point in dispute.

The trial court heard defendant's testimony on the subject fully (over objections), and then directed a verdict for plaintiff, a stipulation having been made at the outset of the trial, that plaintiff was entitled to recover the amount claimed unless the defense in question was established.

The facts shown on defendant's part were that it was engaged in the manufacture and sale of cornshellers and other farm machinery at Decatur, Illinois. It rented the premises at Kansas City as a storehouse and business office. When the negotiations for the lease began, it was verbally agreed, between plaintiff and defendant's representative, that the former would put in a railway switch (to connect the premises with a railroad near by) for the use of defendant for shipping purposes. Something was then said about inserting this stipulation in the lease, but plaintiff declared it was not necessary as the thing would be done by the time defendant would be ready to use the track after moving in, adding that his word was as good as his bond. Shortly afterwards the lease was prepared in Kansas City, and forwarded to Decatur for signature on the part of defendant. On examining its terms, the defendant made an amendment by inserting the words, "also office desk room and space for sample machine on first floor" (as they now appear). Then the instrument was formally executed by both parties. It contains no such express agreement as defendant now insists upon, concerning a railway switch.

It will be assumed that defendant's proof showed substantial damages in consequence of the want of the railway connection mentioned.

On this showing the trial court directed a verdict for plaintiff. In due course defendant appealed to the Kansas City court of appeals where the judgment was affirmed. The cause, however, was certified to the supreme court as directed by the constitution, in view of a division of opinion among the judges of the court of appeals. *Tracy v. Iron Works* (1888), 29 Mo. App. 342.

It should be noted that the verbal agreement asserted by defendant was made in the preliminary negotiations leading to the written lease, and that the latter purports to be complete in itself. It defines with particularity the property whose use was let to defendant. Part of it consisted of privileges in the nature of easements (for example, the use of the elevator and platform in common with other tenants), appurtenant to that part of the property of which defendant was to enjoy exclusive occupancy. The principal subject-matter of the letting was the upper story of the building, numbered 1305, 1307 and 1309, West Twelfth street, in Kansas City, Missouri, "in the present condition thereof." The terms, reserving rent, are clearly expressed and many customary stipulations in regard to repairs, underletting and care of the premises, appear.

Defendant contends that plaintiff's prior agreement to add a railroad switch to the demised premises should be regarded as collateral to the lease, and admissible as such. It is not denied that verbal evidence in contradiction of written, and especially of sealed, documents is usually inadmissible; but the case here is said to belong to a recognized class of exceptions to that rule. Waiving all question that might arise from the form of the lease as a specialty and treating it merely as a written contract, let us examine the merits of defendant's contention.

The general rule excluding evidence of contemporaneous, or prior verbal agreements, varying or

contradicting the terms of a valid written instrument, is the outgrowth of the common experience of men.   It is of great antiquity and appears in other systems of jurisprudence besides our own.   Corp. Jur. Civ., Cod. Lib. 4, Tit. 20; Tait's Evid., pp. 326, 327.

It rests on principles somewhat analogous to those which underlie the doctrine of the conclusiveness of judgments upon parties thereto.   It is said to be the interest of the state that there should be an end to litigation.   Accordingly, the record that closes a forensic controversy is regarded as merging the matters litigated to the extent declared in the judgment.   So, in private adjustments of reciprocal rights, it is wisely considered that, when parties have deliberately put their mutual agreements into the form of a completed written contract, that expression of their intention should be accepted as a finality, in which is merged all prior negotiations within the scope of the writing.

But the rule has too long occupied a place as a corner-stone in the law of evidence to require, at this day, any justification of its existence.

We may, however, properly remark that the adoption of the modern practice, admitting as witnesses the parties directly interested in the action, seems to add a cogent reason to those existing at the common law, for a close adherence to the rule under discussion. If the uncertainty of "slippery memory" furnished a ground for excluding such verbal testimony in the days of Lord COKE (*Countess of Rutland v. Earl of Rutland* (1604), Coke's Reports, Part 5, 26*a*), how much stronger reason for such exclusion to-day when the influence of self-interest is so likely to render the memory of litigating parties more "slippery" than was that of the witnesses of olden time.

In Missouri the general rule has been repeatedly approved in early, as well as recent, decisions.   *Woodward v. McGaugh* (1843), 8 Mo. 161; *Walker v. Engler* (1860), 30 Mo. 130; *State ex rel. v. Hoshaw* (1889), 98

Mo. 358; *Morgan v. Porter* (1891), 103 Mo. 135; 15 S. W. Rep. 289.

There are, however, cases, here and elsewhere, announcing propositions called exceptions to this rule. Some may fairly be so described, as, for example, those admitting parol evidence to contradict a recited consideration, or to show that, in equity, an absolute deed was intended as a mortgage. But it will be found, we think, that many rulings, on this topic, which, at first sight, appear exceptional, are rather instances not embraced within the true meaning and scope of the rule. As such may be mentioned cases in which fraud, mistake or illegality has prevented the written instrument from acquiring original vitality as a contract, or those admitting evidence to identify its subject-matter, as well as others in which the writing, on its face, appears to be an incomplete, or merely one-sided expression of the terms of agreement. *Rollins v. Claybrook* (1856), 22 Mo. 405; *Moss v. Green* (1867), 41 Mo. 389.

The pending appeal does not demand any attempt to classify the so-called exceptional cases., Especially do we abstain from any effort to indicate what kind of verbal agreements may be shown, collateral to a written one, beyond the requirements of the appeal now actually in hand.

The facts in the present record disclose that the verbal agreement, proposed to be shown, contemplated a substantial addition by the plaintiff to the property which was the subject of the demise, whereas the terms of the written lease between the parties declared that the premises were let "in the present condition thereof."

Obviously the oral testimony in question contradicted the very language of the writing in which these business men, dealing at arm's length, had deliberately expressed themselves. We think the learned circuit judge correctly held such testimony inadmissible and that it could find no proper place in the case made by the pleadings, without departing from sound principle

and precedents. *Brigham v. Rogers* (1822), 17 Mass. 571; *Cleves v. Willoughby* (1845), 7 Hill (N. Y.) 83; *Howard v. Thomas* (1861), 12 Ohio St. 201; *Naumberg v. Young* (1882), 44 N. J. L. 331; *Diven v. Johnson* (1888), 117 Ind. 512; *Stoddard v. Nelson* (1889), 17 Oregon, 417; *McLean v. Nichol* (1890), 43 Minn. 169; *Gordon v. Niemann* (1890), 23 N. E. Rep. (N. Y.) 454.

We do not deem it necessary to review all the decisions pointing to this. conclusion. On the other hand the precedents cited by defendant, as illustrative of collateral verbal agreements that have been upheld, we apprehend are inapplicable to the facts of the case now in judgment.

The decision in *Brown v. Bowen* (1886), 90 Mo. 184 (in view of which this cause was certified here), is not to be considered, and was not intended to conflict with any of the rulings announced herein.

We regard the action of the trial court as correct and accordingly affirm the judgment of the Kansas City court of appeals, which was to the same effect. SHERWOOD, C. J., BLACK and BRACE, JJ., concur.