BETHANY SAVINGS BANK, Respondent, v. JOS. A.
CUSHMAN, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. **Evidence**: PAROL VARYING WRITTEN CONTRACT. All precedent as
well as contemporaneous negotiations in relation to a contract after-
ward reduced to writing, are, in the absence of an accident, etc.,
conclusively presumed to have been entirely merged in the written
contract, and they can not be contradicted by parol evidence.

2. ———: PAROL VARYING WRITTEN: INVITED ERROR. If a party rely-
ing upon a written contract introduces evidence as to anterior nego-
tiations between the parties, he disables himself to object to similar
evidence offered by his antagonist since he has invited the error
himself.

3. **Appellate Practice**: WRITTEN CONTRACT: PAROL EVIDENCE:
SAME THEORY ABOVE AND BELOW. Where parties assume that the
terms in the written contract are obscure and should be interpreted
in the light of surrounding circumstances and contest the issue on
that theory in the trial court, they can not be heard to complain of
the result in the appellate court.

*Appeal from the Harrison Circuit Court.*—HON. P. C.
STEPP, Judge.

AFFIRMED.

*Sallee & Goodman* and *D. J. Heaston* for appellant.

When a contract is reduced to writing and signed
by the parties, all contemporaneous or prior verbal
agreements, varying or contradicting the written in-
strument, are incompetent and should be excluded.
*Tracy v. Iron Works*, 104 Mo. 193; s. c., 29 Mo. App.
342; *Boyd v. Paul*, 125 Mo. 13; *Pearson v. Carson*, 69.
Mo. 550; *Dodge v. Kiene*, 44 N. W. Rep. 191; *Lumber
Co. v. Warner*, 93 Mo. 374; *Woodward v. McGaugh*,
8 Mo. 161; *Gooch v. Conner*, 8 Mo. 391; *Plumb v.*

*Cooper*, 121 Mo. 668; *Ashley v. Bird*, 1 Mo. 640; *Lane v. Price*, 5 Mo. 101; *Singleton v. Fore*, 7 Mo. 515; *Cockrill v. Kirkpatrick*, 9 Mo. 697; *Jones v. Jeffries*, 17 Mo. 577; *Murdock v. Ganahl*, 47 Mo. 134; *Bunce v. Beck*, 43 Mo. 266; *Johnson Co. v. Wood*, 84 Mo. 489; *Carr v. Lackland*, 112 Mo. 442.

*A. F. Woodruff, A. S. Cumming*, and *J. W. Peery* for respondent.

Defendant in his brief makes but one contention, and that is that the parol evidence was erroneously admitted. The evidence was clearly admissible for these reasons: *First*. The writing may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties. 1 Greenl. Ev., secs. 277, 286; *Lumber Co. v. Warner*, 93 Mo. 374; *Edwards v. Smith*, 63 Mo. 119; *Grumley v. Webb*, 44 Mo. 444; s. c., 48 Mo. 562; *Bunce v. Beck*, 43 Mo. 266; *Moss v. Green*, 41 Mo. 390; *Hanna v. Land Co.*, 126 Mo. 1; *Ferris v. Thaw*, 72 Mo. 446; *French v. Hayes*, 43 N. H. 30; *Blossom v. Green*, 13 N. Y. 569; s. c., 67 Am. Dec. 75, and note. *Second*. The expounder of a written contract is entitled to be placed in the position of the contracting parties, and to view the circumstances as they did, and so judge of the meaning and application of the language employed by them. 1 Greenl. Ev., sec. 287; *Emery v. Webster*, 42 Me. 204; *French v. Hayes*, 43 N. H. 30; 2 Whart. Ev., sec. 940; *Union Depot Co. v. Railroad*, 113 Mo. 213. *Third*. Evidence of the acts of the parties is admissible to show the construction put upon the contract by the parties themselves; and this construction will frequently control. 2 Whart. Ev., sec. 941; *Patterson v. Camden*, 25 Mo. 21, *loc. cit.*; *Gaslight Co. v. St. Louis*, 46 Mo. 129, *loc. cit.*; *Scott*

*v. Scott*, 95 Mo. 318, *loc. cit.; Mathews v. Danahy*, 26 Mo. App. 660; *Brewing Co. v. Waterworks*, 34 Mo. App. 49; *Dentman v. Kilpatrick*, 46 Mo. App. 624; *Moser v. Lower*, 48 Mo. App. 85; *Ridge v. Transfer Co.*, 56 Mo. App. 133. The defendant is estopped to complain of the admission of evidence of the surrounding facts and circumstances to determine the intention of the parties to the contract. He first came upon the stand and testified in his own behalf to a number of matters not mentioned in the written contract, and gave his explanation of certain of its terms, and that certain property not mentioned in the contract was reserved by him, etc. *State v. Mounce*, 106 Mo. 229, *loc. cit.; Crabtree v. Vanhoozer*, 53 Mo. App. 405; *Wilson v. Gibson*, 63 Mo. App. 656.

SMITH, P. J.—This is a suit which was brought against the defendant as guarantor of three promissory notes described in the petition. The defendant pleaded that he had been released from his liability as guarantor, by reason of a contract of settlement between him and plaintiff, wherein it was recited that in consideration of the surrender by him to plaintiff of certain property, plaintiff would release him *from all his indebtedness to it.* He also pleaded in his answer a counterclaim or set-off against plaintiff's demand.

Under the evidence and instructions the jury found a verdict for plaintiff for the amount of the guaranteed notes, after deducting the amount of defendant's set-off testified to by him, and submitted in his instructions, upon which verdict there was judgment accordingly. From the latter defendant has appealed.

The defendant's sole ground of appeal is that the trial court erred in permitting the plaintiff, over his objections, to introduce evidence tending to show negotiations between defendant and plaintiff's officers,

precedent to, and contemporaneous with, the making of the written contract pleaded in defendant's answer. Undoubtedly, it is the very well established rule in this jurisdiction that all the precedent, as well as contemporaneous negotiations in relation to a contract, afterward reduced to writing, are, in the absence of accident, etc., conclusively presumed to have been entirely merged and expressed in the written contract, which thenceforth becomes the sole expression of the agreement of the parties. *Tracy v. Iron Works*, 29 Mo. App. 342; s. c., 104 Mo. 193; *Boyd v. Paul*, 125 Mo. 9, and cases cited. Tested by the above rule, the evidence would seem to have been improperly admitted.

But there are other considerations which we can not overlook in our consideration of the action of the court in the matter. They are these: It appears that the defendant, on whom the burden was cast by the pleadings, had, previous to the time of the introduction by plaintiff of the testimony objected to, himself testified to the various negotiations between the plaintiff's officers and himself, which had taken place anterior to, and contemporaneously with, the entering into the written contract. If it was error for the plaintiff to introduce evidence of the kind just referred to, the defendant invited it by first introducing like evidence himself, so that he thereby disabled himself to make objections thereto, otherwise available to him.

The contract pleaded provided that in consideration of the conveyance by defendant to plaintiff of certain real and personal property, the plaintiff agreed "to release said Cushman (defendant) from all indebtedness to (it) the bank, the bank retaining all notes and accounts heretofore sold or deposited with the bank." The issue was whether the notes sued on were included in the release. As a matter of law, we should be inclined to think that by the expression "all indebt-

edness" the parties intended to include, not only the direct, but the contingent debts of the defendant. The terms employed in expressing the agreement seem to be broad enough to include direct and contingent indebtedness; but both parties, as shown by the evidence introduced by them, tried the issue on the idea that the terms of the contract were obscure and should be interpreted in the light of all the surrounding circumstances. The parties in the court below were permitted to contest the issue on their own chosen ground and can not now be heard to complain of the result.

The judgment must be affirmed. All concur.