Miller and others vs. Tracy.

MILLER and others, Respondents, vs. TRACY, Appellant.

*October 20 — November 7, 1893.*

(1) *Appeal: Review of findings.* (2) *Estates of decedents: Liability of administrator for services of attorney: Implied assumpsit.*

1. A finding of fact by the trial court will be regarded in all respects as a verity, as against a respondent who took no exception thereto.
2. Where an attorney has rendered services and made disbursements in defeating a claim against the estate of a decedent in the belief that he was employed for that purpose by the administrator, when in fact their minds never met as to such employment, the administrator, having taken the benefit of such services and disbursements, may be held personally liable for their value upon an implied assumpsit, especially where he has assets of the estate out of which to indemnify himself.

APPEAL from the Superior Court of *Milwaukee* County.

This action was brought to recover the sum of $552.02 for services rendered and disbursements made in successfully defending against a claim of about $11,000 against the estate of the defendant's intestate, William Swale, deceased, and the defendant appeals from a judgment rendered against him for the entire demand.

Plaintiffs, the successors in interest of Finches, Lynde & Miller, who rendered the services and made the disbursements, claim that said firm had been employed by the defendant as administrator of Swale's estate to defend against the said claim filed against it, and the defendant denied this and claimed that they had been employed for that purpose by the First National Bank, a creditor of the same estate for about $1,000. The referee found, in substance, among other things, that the First National Bank of Milwaukee was a creditor of said estate to the amount of about $1,000, and that the firm of Finches, Lynde & Miller were the regular attorneys of the said bank; that the defendant called at the office of said firm and had a conversation with one of its members, which resulted in said firm assuming charge of the contest of the said claim for said estate; that the defendant did not, at the time of said conversation nor at any other time, consciously and intentionally retain said firm to act as his attorneys in relation thereto, but at the time he believed that said firm was assuming charge of said contest as the attorneys for said bank, and the member of said firm with whom he had the conversation believed that he was retaining said firm as his attorneys in the matter; that there was not at any time any meeting of the minds of the defendant and said firm, or any one of them, upon the question of such employment, and said firm, believing in good faith that they had been retained by the defendant as such administrator to contest said claim, proceeded with the contest, and, after trial in the superior court, succeeded

in defeating it, saving to said estate for the beneficiaries thereof the sum of about $11,000 or $12,000; that said firm never had any knowledge or information that the defendant believed that they had been acting as the attorneys of the bank, or of the creditors of the estate, until after the services had been rendered and said claim defeated and they had sent their bill therefor to the defendant; that said firm was not retained by the First National Bank; that the defendant during all the time believed in good faith that said firm was acting as attorneys of the First National Bank, and not as his attorneys, and that said firm rendered the services and made the disbursements in the belief that they had been retained by the defendant, as such administrator; that the result of the contest was that the administrator of Swale's estate was enabled to and did pay in full all of the legitimate claims against said estate, and that he has still in his hands funds sufficient to pay the plaintiffs' claim.

The circuit court confirmed the report, and gave judgment accordingly. Exceptions were taken to the finding by the defendant, but none were taken on the part of the plaintiffs.

For the appellant there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

For the respondents there was a brief by *F. A. Geiger*, and oral argument by *E. S. Mack*.

PINNEY, J. 1. The finding of the referee as to the facts is as favorable to the defendant, we think, as he could reasonably have expected, and, so far as his exceptions are concerned, it is so fully sustained by the evidence that no particular discussion of facts is required, except to say that upon the question whether the plaintiffs' assignors were employed by the bank the testimony is somewhat conflicting; but the referee, who saw and heard the witnesses testify, found against the defendant on this point, and the circuit

court confirmed the finding. We think that there is a decided preponderance of evidence in support of the finding. As to the plaintiffs, the finding must be regarded in all respects as a verity, they having failed to take any exceptions to it. To take advantage of an erroneous finding in order to sustain a judgment in favor of the respondent he must have excepted to such finding, and he cannot for that purpose take advantage of exceptions reserved by the appellant. R. S. secs. 2870, 2875, 3070; *Maxwell v. Hartmann*, 50 Wis. 660; *Witt v. Trustees*, 55 Wis. 376; *Jones v. Jones*, 64 Wis. 307; *Hoey v. Pierron*, 67 Wis. 267; *Cramer v. Hanaford*, 53 Wis. 85.

2. The legal title or ownership of the personal estate of the intestate, Swale, vested in the defendant as his administrator on his appointment and qualification, and he held this property as the trustee and representative of all persons interested therein, whether as creditors or distributees, for the purposes of proper and legal administration of it according to the priorities and rights of the parties in interest, and a valid title to the personal estate of the decedent could be acquired only through such administration. Schouler, Ex'rs, § 239; *Estate of Kirkendall*, 43 Wis. 179; *Murphy v. Hanrahan*, 50 Wis. 485, 490; *Melms v. Pfister*, 59 Wis. 192. The duty of collecting, protecting, and caring for the estate was devolved on the administrator by reason of his trust ownership. And it was his duty " to defend the estate against claims which he honestly, or upon reasonable grounds, believed to be unjust, and these expenses should be reimbursed, even though the suit be lost, and certainly if the estate benefit by it." Schouler, Ex'rs, § 544; *Ammon's Appeal*, 31 Pa. St. 311. In employing counsel the executor incurs a personal liability, but his lien on the assets serves as his indemnity. Schouler, Ex'rs, §§ 256, 544. In *McLaughlin v. Winner*, 63 Wis. 128, it was held that " it is the general rule that upon all contracts

made by an executor or administrator in the discharge of his duties as such he is liable personally, and his liability does not depend upon the fact that he has assets in his hands sufficient to discharge the debts so incurred; and the judgment recovered is to be satisfied out of his estate, and not out of the estate of the deceased." That is to say, that the creditor in such case cannot, save in exceptional circumstances, have his claim allowed directly to him against and paid out of the estate. But where the estate has derived a benefit from the services rendered to the administrator, and he is unable to pay or is insolvent, the creditor has been allowed to prove and proceed directly against the estate. But in a case where the administrator makes payment of a claim for proper and necessary counsel fees or other proper expenses of administration, he can charge the same in his account and have it allowed at a reasonable amount and paid out of the assets of the estate in his hands; and such claim will have priority over the general debts of the decedent. R. S. sec. 3852; Schouler, Ex'rs, § 544; 2 Woerner, Adm'n, § 362; *Golder v. Littlejohn*, 30 Wis. 344, 355; *Ammon's Appeal*, 31 Pa. St. 311; *McElhenny's Appeal*, 46 Pa. St. 347; *Forward v. Forward*, 6 Allen, 497. Where unjust claims are presented for allowance it is only through the medium of professional assistance that the administrator can properly and efficiently perform his duty of protecting the estate against them, and it is found in this case that the defendant believed the claim filed against the estate objectionable, and that it ought to be contested. The right of an administrator to be indemnified out of the assets for reasonable counsel fees stands upon the clearest possible equity, particularly where, as in this case, very important benefits resulted to the estate, and the rejection of the contested claim enabled him to pay all just debts and still have assets remaining in his hands more than sufficient to pay the plaintiffs' claim, which was found by the referee

Miller and others vs. Tracy.

to be reasonable in amount. Equally strong and clear is the justice of the claim of these respondents to this reasonable compensation and their necessary disbursements, when there would have been comparatively little or no assets to pay creditors having just demands, or to divide with and among distributees of the decedent, but for the rendition and successful issue of such services.

The objection made to the recovery is that the defendant is not liable, because there was no express contract for the services, and no meeting of the minds of the parties in respect to their employment. The undisputed evidence shows that the defendant knew the plaintiffs were rendering the services which the attorneys employed by him as administrator felt bound to decline on account of their professional relations to the claimant, and that such services were highly beneficial, and resulted greatly to the benefit and advantage of all interested in the estate, whose interests it was the defendant's duty to protect, and he knew that the defense was made in his name as administrator, and he signed the objections or answer to the allowance of the claim; yet it is now insisted, in substance, that the administrator and parties thus interested may take to themselves and retain and enjoy the fruits of the services thus rendered and disbursements made, without making any compensation therefor. Had any laborer interposed to protect or preserve the goods and chattels of the estate in peril, and rescued them from destruction, can there be any question but that the administrator profiting thereby for the benefit of the estate would be liable for such services as on a *quantum-meruit?* And would not an administrator be liable on the same ground for the value of the services of any one performing a lawful service in the management or settlement of the estate, although there was, as in this case, no express contract of employment? Upon what principle can it be held that the law of implied as-

sumpsit is not to be applicable for the value of the services and disbursements sued for, rendered for the benefit · of the estate vested in an administrator, as well as in the case of any other owner of property thus protected or benefited?/ In *Grier v. Huston*, 8 Serg. & R. 402, 406, it was held that assumpsit would lie as on an implied contract for money paid to an administrator by mistake, and that he would be so liable even if he had paid it to creditors, if he had assets still in his hands out of which to indemnify himself. And the case of *Corner v. Shew*, 3 Mees. & W. 350, is to the effect that an executor may be liable in his personal capacity on an implied assumpsit. *Ashby v. Ashby*, 7 Barn. & C. 444, 450, 451; *Brice v. Wilson*, 8 Adol. & E. 349.

But we think that the liability of the defendant in this case may be safely rested upon the ground that if services are rendered, as in this case, in the mistaken belief that there is a contract therefor, when the minds of the parties have never met, a recovery may be had *quantum meruit* for the benefit conferred by them, and upon the ground " that he who gains the labor and acquires the property of another must make reasonable compensation for the same " (*Van Deusen v. Blum*, 18 Pick. 229, 230, and cases cited); and that this rule is particularly applicable to the case of an administrator who has assets out of which to indemnify himself. The case of *Greene v. Bateman*, 2 Woodb. & M. 359, 362, rests very much on the same ground. So far as the services and disbursements benefited the estate in the hands of the defendant as administrator in the regular course of administration, the case stands, we think, upon a firm foundation. We do not perceive any reason why the administrator should not be held personally liable in this case. The fact that he has deliberately taken the benefit of the services and disbursements in question which enabled him to perform his duty as administrator, dispenses with

any necessity of proving a previous request, and we are of the opinion that the defendant may be properly held liable for these services and disbursements, as well upon an implied assumpsit as if there had been an express contract, and we have not been referred to any authority to the contrary. The recovery in this case is, we think, correct.

*By the Court.*— The judgment of the superior court is affirmed.