WIESMANN, Appellant, vs. DANIELS, Respondent.

*April 3—April 22, 1902.*

*Estates of decedents: Claims: Services of attorney to administrator: Administration* de bonis non: *Parties.*

1. Services of an attorney rendered to an administrator constitute a claim against the latter personally, to be charged against the estate if reasonable and proper upon his accounting; and where the administrator has been discharged without payment for such services the attorney is not a creditor of the estate and cannot apply under secs. 3807, 3808, Stats. 1898, for the appointment of an administrator *de bonis non.*

2. Where an application for the appointment of an administrator *de bonis non* shows that a certain person is in possession, under some claim of right, of land which is sought to be sold to pay debts, such person has such an interest in the matter as entitles him to appear and oppose the application.

APPEAL from an order and a judgment of the circuit court for Kenosha county: FRANK M. FISH, Circuit Judge. *Affirmed.*

On April 10, 1901, *Henry Wiesmann* filed in the county court of Kenosha county, Wisconsin, a verified petition praying for the issuance of letters of administration *de bonis non*, with the will annexed, of the estate of one Cornelius Mc-Kune, deceased. The petition alleges, in substance, that said deceased died February 20, 1865, testate, and that his will was thereafter admitted to probate by said county court, and that letters testamentary, with the will annexed, were issued to the widow of said deceased, and that said widow died October 12, 1884, without having fully administered said estate; that letters of administration *de bonis non* were issued October 18, 1890, to one Henry Barns, who acted as such administrator until he filed his account and resigned his trust, October 23, 1897, which resignation was accepted by the judge of said county court; that the petitioner, as the attorney for said Henry Barns as such administrator, rendered professional services to said Barns, and paid out certain moneys in the prosecution of the legal business of said estate, amounting to $600 in all, which sum has never been paid him; that no administrator has been appointed since the resignation of said Barns; and that in order to pay the sum so owing to the petitioner, and to carry out the provisions of the will of the deceased, it is necessary to sell certain real estate owned by the said deceased,—160 acres thereof being now in the possession of *Jacob Daniels,* the respondent, and having been in his possession since November, 1881, without the payment of any rent. The petition prays for the issuance of letters of administration to one Jordan, of the city of Kenosha, and for the ascertainment of the amount due the petitioner, and that the debts and legacies of the estate may be paid out of the rents of said real estate, and that said real estate may be sold, if necessary, to pay said debts, legacies, and the amount due to the petitioner, and that the estate may be fully administered as provided by law.

Upon the filing of this petition in the county court, *Jacob Daniels* filed in said court his objection to the granting of the prayer of the petition, and demurred to said petition on the ground of insufficiency of facts and the want of legal capacity in said petitioner to prosecute the same. Upon the hearing of said petition and objections in the county court, the demurrer was sustained, and the petition dismissed, whereupon the petitioner appealed to the circuit court of Kenosha county, in which court the demurrer of the respondent, *Daniels,* was sustained, and judgment entered dismissing the petition. From the order sustaining such demurrer, and from the judgment of dismissal, the petitioner appeals to this court.

When the case was reached for argument in this court, the respondent appeared by attorney, and suggested to the court the fact that after the rendition of judgment in the court below a judgment had been entered by the county court of Kenosha county, upon application duly made, adjudging that the petitioner was insane; and in support of such suggestion the respondent filed in this court a certified copy of such judgment. Upon consideration of this suggestion, this court, of its own motion, appointed Wallace Ingalls, Esq., of the Racine county bar, guardian *ad litem* of said *Wiesmann,* for the purposes of this action in this court; and, said appointment being accepted, the case was argued by Mr. Ingalls on behalf of the plaintiff, and for the respondent by Mr. Geo. Kroncke.

For the appellant there was a brief by *Henry Wiesmann,* and oral argument by *Wallace Ingalls.*

For the respondent there was a brief by *Peter Fisher,* and oral argument by *George Kroncke.*

WINSLOW, J. There are but two questions in the case: (1) Was the petitioner entitled to apply for the appointment

of an administrator? and (2) Was the demurrant entitled to appear and resist the application?

1. A mere stranger, having no interest in the estate or its administration, cannot move the court for the appointment of an administrator. Stats. 1898, secs. 3807, 3808. This is elementary. The only capacity in which the petitioner claims to be entitled to appear is as a creditor of the estate. His petition, however, does not show him to be a creditor. His claim is for services rendered to Barns as administrator, and, as such, is a claim against Barns personally, to be by him charged against the estate in his hands upon his accounting, if the outlay be proper and reasonable. *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402; *Miller v. Tracy,* 86 Wis. 330, 50 N. W. 886; Schouler, Ex'rs (2d ed.) §§ 256, 544. No exceptional circumstances, such as insolvency of the administrator, are alleged, which have sometimes been held to justify a court in ordering payment out of the estate directly to the claimant.

2. We can entertain no serious doubt that the demurrant was so far an interested party in the proceeding as to entitle him to appear and oppose the application. It appears on the face of the petition that he is in possession of a tract of land under some claim of right, which the petitioner claims should be sold by the proposed administrator as a part of McKune's estate, thus creating a cloud upon the title. The application was, in effect, the first step in a proceeding *in rem;* the *res* being the land occupied and claimed by the demurrant. His interest in such a proceeding is very substantial and direct.

*By the Court.*—The order and judgment appealed from are both affirmed.