VAUGHN, Appellant, vs. WALSH, imp., Respondent.

*September 8—September 27, 1904*

Administrators: Allowance for attorney's fees: Personal liability: Jurisdiction of county court: Judgment: Collateral attack: Counterclaim.

1. Although for services rendered to an administratrix in the settlement of an estate an attorney is not a creditor of the estate but merely of the administratrix personally, yet where such administratrix, in her final account, has presented to the county court the question as to how much she should pay to the attorney out of the residuum of the estate in her hands, any question of jurisdiction of her person is waived, and the court, having full jurisdiction of the subject matter—*i. e.,* the disposition of the funds in the hands of its officer—may render a judgment allowing to her a certain sum, to be paid to the attorney for his services; and such a judgment is binding upon the administratrix and cannot be attacked collaterally.

2. For the amount so allowed for the attorney's services by the judgment of the county court, he may sue the administratrix personally in the circuit court as for money had and received to his benefit; and in such action she may counterclaim upon a promissory note given by the plaintiff.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action to recover money. The plaintiff is a lawyer residing at Superior, and the complaint charges that the defendant was, at the times named in the complaint, the administratrix of the estate of one Thomas B. Walsh, deceased; that a final judgment was rendered in the county court of Bayfield county in the matter of the estate of said deceased December 19, 1901, in which the said county court determined that the plaintiff, *Vaughn,* was entitled to the sum of $425 for his services as attorney for the said estate, in addition to the sums which had theretofore been paid; that said *Emma Walsh* never appealed from said judgment, and that the same has never been reversed, vacated, or set aside; that the said county court, on May 5, 1903, after notice to said defendant, ordered her to pay to the plaintiff the said sum of $425; that the said *Emma Walsh* refused and neglected to pay the same, although payment thereof was demanded.

The answer admits that the defendant was administratrix as alleged in the complaint, and admits rendition of the judgment described in the complaint, and also that the same has never been reversed, vacated, or appealed from; but alleges that the plaintiff, *Vaughn,* was employed by her as attorney in the matter of said estate, and that prior to the commencement of this action she paid the plaintiff $400, with the understanding that the same was in full payment for all of his services and disbursements in connection with said estate. The answer further alleges that when the final judgment was entered in said estate the same was entered by the plaintiff solely, and that the defendant had no knowledge or information that said judgment was to contain or did contain any provision for an allowance to the plaintiff in addition to the amount that had already been paid, and that the plaintiff fraudulently inserted in said final judgment

said allowance, and the defendant had no knowledge thereof until after the time to appeal from said judgment had expired; that she relied solely upon the plaintiff in conducting said business, and knew nothing of any allowance being asked for upon the making of her final report; and that the said decree is fraudulent and void for these reasons. A counterclaim for $100, being the balance due upon a promissory note given by the plaintiff to the defendant February 1, 1901, was also set forth in the answer.

The plaintiff filed a reply denying generally the allegations of the answer, but admitting the execution of the note and alleging that the same had been paid.

The action was tried by the court, which made findings of fact to the effect that the plaintiff agreed to perform all necessary services, including disbursements, for said estate, for the sum of $400, and that said $400 has been paid in full satisfaction for all such services and disbursements; that the defendant relied implicitly upon the plaintiff at the time the decree in said estate was entered, and had no knowledge that the same contained any allowance for attorney's fees or disbursements, and that the plaintiff fraudulently, and without the knowledge of the defendant, inserted the said allowance in said final judgment; that the said allowance was wholly unwarranted and fraudulent, and not a just claim against said estate; and that the defendant had no knowledge that said allowance was inserted until after the time to appeal had expired. The court further found the execution of the note as alleged, and that there was due upon the same $100, with interest from August 1, 1901. And as conclusions of law the court found that the defendant was entitled to judgment dismissing the complaint, and also entitled to a judgment against the plaintiff for $100, with interest, with costs. Judgment being entered in pursuance of these findings in favor of the defendant, the plaintiff appeals.

*A. W. McLeod,* for the appellant.

For the respondent there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *A. T. Pray.*

WINSLOW, J.   The record shows that the county court
of Bayfield county, having jurisdiction of the settlement of
the estate of Thomas B. Walsh, on the 19th day of December,
1901, made a final order or judgment settling the accounts
of the defendant as administratrix, and allowing to her
the sum of $425 for "extraordinary services and attorney's
fees to be paid to *John H. Vaughn,* attorney for the estate,
.  .  .  in addition to the sum" already paid him as attorney
for the estate.   This judgment was rendered in response to
a petition for adjustment of her accounts, in which it was
stated that the administratrix had incurred liabilities for
attorney's fees, etc., and praying allowance of her disbursements and "a reasonable allowance for attorney fee," which
petition was signed by the defendant, and verified.   The
record also shows that this judgment has never been reversed,
modified, or appealed from, and that on the 5th day of May,
1903, the same county court, after personal notice to the
administratrix, upon the application of *Mr. Vaughn,* made
an order requiring the administratrix to pay said sum of
$425 to *Mr. Vaughn.*   The defense claims, however, that the
judgment of the county court was void for lack of power,
and that, even if not absolutely void, still it may in this
action be attacked and defeated for fraud in its inception.

In support of the claim that the county court had no
power to make the judgment the respondent rightly says that
*Vaughn* was not a creditor of the estate, but was simply a
creditor of the administratrix personally; and cites *Wiesmann v. Daniels,* 114 Wis. 240, 90 N. W. 162.   From this
principle it undoubtedly follows that *Vaughn* could not in the
present case have gone into the county court, against objections by the defendant, and proven his claim against the

estate or obtained an order for payment thereof.  His claim
was personal against her.  The estate being solvent, she should
have paid her attorney for his services, and presented her
account to the county court, claiming the payment as a credit,
and the county court would then pass upon the item and allow
it to her if reasonable.  But *non constat* from this that the
judgment attacked here is void for lack of jurisdiction.  The
county court had complete jurisdiction of the settlement of
this estate and the disposition of the proceeds.  While the
administratrix might, doubtless, have objected successfully
to the presentation or allowance of any claim in the county
court against the estate or against herself, no reason is per-
ceived why she might not herself in her final account present
the question to the court as to how much she should pay to
her attorney out of the *residuum* of the estate in her hands.
By doing so she waives any question of jurisdiction of her
person, and the court, having full jurisdiction of the subject
matter—*i. e.,* the disposition of the funds in the hands of
its officer—may doubtless render such a judgment as was
rendered here.  When so rendered, such judgment must be
considered as binding and conclusive upon the administra-
trix, upon whose request it was rendered, until set aside in a
direct proceeding for fraud or for some other reason recog-
nized by the law.  Another court cannot investigate it and
set it aside in a collateral action, as was done here.  This
principle is very familiar.  *Cody v. Cody,* 98 Wis. 445, 74
N. W. 217; *Barney v. Babcock's Estate,* 115 Wis. 409, 91
N. W. 982.

The judgment, in effect, took the sum allowed out of the
estate and placed it in the hands of the administratrix for
the benefit of *Vaughn.*  If assented to by him, no good
reason occurs to us why he may not sue her personally for
the sum as for money had and received for his benefit.  The
subsequent order for payment by the county court was prob-
ably unnecessary.  The action being on implied contract for

money had and received for the plaintiff's benefit, the counterclaim upon the promissory note, being also a cause of action arising upon contract, is properly pleadable.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiff for $425, with interest from the time of demand, less the amount shown to be due upon the counterclaim.