Estate of Arneberg, 184 Wis. 570.

---

## Estate of Arneberg.

*September 17—October 14, 1924.*

*Executors and administrators: Attorney for executor: Compensation: Lien against trust res: Wrongful death: Ownership of sum recovered: County court: Jurisdiction.*

1. Unless the personal representative of the estate of a deceased person is insolvent or unable to pay, the estate is not directly liable for legal services rendered in the administration of the estate; and a petition for the allowance of compensation therefor which fails to allege the insolvency or the inability of the personal representative to pay is insufficient. *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, explained. p. 574.
2. Sec. 3808*a*, Stats., providing that when a firm or corporation is named as administrator or executor certain persons shall name the attorney who shall represent the estate, is inapplicable where the personal representative is an individual and does not make his attorney the attorney for the estate. p. 576.

3. Under no circumstances is the sum recovered by the personal representative, under secs. 4255 and 4256, for the instantaneous death of decedent by the wrongful act of another, part of the estate of the deceased.   p. 577.

4. An administrator receiving personalty takes the legal title thereto, holds it in trust, and is accountable to the court appointing him.   p. 577.

5. The personal representative, in an action brought under secs. 4255 and 4256, Stats., acts as an agent and not as an arm of the court or as trustee, and acquires no legal title or interest in any recovery except with respect to his fees and expenses; nor has the county court power to value the services rendered by the attorney for the personal representative or to declare such amount a lien upon the fund recovered.   p. 580.

APPEAL from an order of the county court of Lincoln county: GEORGE J. LEICHT, Judge. *Reversed.*

The appeal is from an order overruling the motion of the appellant to dismiss the petition of the respondent, *Ralph E. Smith,* for the allowance of compensation for services rendered by *Smith & Wurster* and *Francis E. McGovern.*

The petition, among other things, alleges that one Sigwald C. Arneberg came to his death in a railroad collision occurring on the Chicago, Milwaukee & St. Paul Railway; that the deceased left him surviving his widow, *Louise Arneberg,* and three minor children; that the widow was duly appointed the administratrix of the estate of her deceased husband; that the petitioner is an attorney, and that the legal firm of *Smith & Wurster* represented the administratrix in the administration of the estate of the deceased, and that an action was begun by the administratrix in which she was represented by said firm of *Smith & Wurster* and by *Francis E. McGovern,* as attorneys, for the purpose of collecting damages from said railroad company, on the ground that the instantaneous death of the deceased was caused by the wrongful act and neglect of such company; that such action was duly prosecuted to final judgment in the circuit court; and that on an appeal by the railroad company to the supreme court the judgment of the circuit court was duly affirmed.

A dispute having arisen between the administratrix and her counsel on the subject of the amount of the fees charged, such attorneys were notified to discontinue their efforts in the matter of the settlement of the estate, and this petition was thereupon brought before the county court to establish the reasonable value of such services and to declare the amount as so established a lien upon the assets of the administratrix.   The administratrix thereupon moved the court to dismiss the proceedings upon the following grounds: first, that the court had no jurisdiction of the parties or of the subject matter, and second, because the petition did not state facts sufficient to constitute a cause of action.   The court having duly ruled in an order against the contention of the administratrix, this appeal was taken by her to this court.

For the appellant there was a brief by *Francis J. Golden* and *Alfred T. Curtis,* both of Merrill, and *R. T. Reinholdt* of Tomahawk, and oral argument by *Mr. Reinholdt* and *Mr. Golden.*

For the respondents there was a brief by *Francis E. McGovern* of Milwaukee and *Smith & Wurster* of Merrill, *in pro. per.,* and *G. M. Sheldon* of Tomahawk, of counsel, and oral argument by *Mr. Sheldon* and *Mr. Ralph E. Smith.*

DOERFLER, J.    The administratrix first contends that the estate of a deceased person is not directly liable for the payment of compensation for legal services rendered in the administration of estates, unless the administratrix is insolvent or financially unable to pay for such services, and in support of such contention cites *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402; *Miller v. Tracy,* 86 Wis. 330, 333, 334, 56 N. W. 866; and *Wiesmann v. Daniels,* 114 Wis. 240, 243, 90 N. W. 162.   This point is made on the matter of the claim of the petitioners, *Smith & Wurster,* for services rendered the administratrix in the matter of the administration of the estate of the deceased.   The answer in

substance, on the question here involved, is in the nature of a demurrer, under which it is claimed that the petition does not state facts sufficient to constitute a cause of action, in so far as facts are not alleged which would bring the petition under the exception of the general rule. Briefly stated, it is the contention of the appellant that equitable considerations must first be alleged, such as the insolvency of the administratrix or her inability to pay, and that when such allegations are contained in the petition and appear satisfactorily from the evidence, then the court can take cognizance of the matter, fix a reasonable amount for attorney's fees, order them to be paid, or declare the amount so allowed as a lien upon the assets of the estate.

Counsel for the petitioners rely largely upon *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, 101 N. W. 404, wherein this court has said, Mr. Justice MARSHALL rendering the opinion:

"Every attorney who performs beneficial services to a trust, directly or in effect enriching the trust fund, when it is necessary for his protection, is equitably entitled to obtain a lien upon the trust fund. The court has ample authority to recognize and give effect thereto. The manner of acquiring such a lien is for the claimant to petition the court to determine the amount he should have out of such fund, considering the character of his services and the real benefits accruing to the trust therefrom, and to adjudge the same to be a charge thereon."

The opinion in the *Carpenter Case* does not appear to be in conflict with the holding of *McLaughlin v. Winner, Miller v. Tracy,* and *Wiesmann v. Daniels, supra.* The language in the *Carpenter Case,* above quoted, must especially be borne in mind wherein it is said:

"Every attorney who performs beneficial services to a trust, directly or in effect enriching the trust fund, *when it is necessary for his protection,* is equitably entitled to obtain a lien upon the trust fund."

This clearly implies that an attorney performing services for an administrator is not in all cases entitled to proceed by petition against the estate, but only in such instances where it is necessary for his protection, which involves the very elements referred to in the three cases above cited by counsel for the appellant. In other words, in order to justify a proceeding such as is indicated in the *Carpenter Case* and which has been resorted to in the instant case, insolvency or financial inability of the personal representative must first be shown.

The case of *Vaughn v. Walsh,* 122 Wis. 486, 100 N. W. 840, is one where the plaintiff, a lawyer, brought an action against the defendant, who had been the administratrix of the estate of one Thomas B. Walsh, deceased, for the recovery of attorney's fees allowed by the county court for extraordinary legal services performed. In the opinion of the court by Mr. Justice WINSLOW it is said:

"In support of the claim that the county court had no power to make the judgment, the respondent rightly says that Vaughn was not a creditor of the estate but was simply a creditor of the administratrix personally; and cites *Wiesmann v. Daniels,* 114 Wis. 240, 90 N. W. 162. From this principle it undoubtedly follows that Vaughn could not in the present case have gone into the county court against objections by the defendant, and proven his claim against the estate or obtained an order for payment thereof. His claim was personal against her. The estate being solvent, she should have paid her attorney for his services and presented her account to the county court, claiming the payment as a credit, and the county court would then pass upon the item and allow it to her if reasonable."

The doctrine in the *Miller, McLaughlin, Wiesmann,* and *Vaughn Cases* seems to be supported by the weight of judicial authority outside of Wisconsin as will appear in a note in *Brown v. Quinton,* 25 L. R. A. N. s. 72. The exception to the general rule is referred to in numerous cases in the note to the *Brown Case,* on page 74, and the principal case

relied upon for support of such exception is the *Miller Case, supra.* In the note in the *Brown Case,* on pages 75 and 76, it is said that many respectable authorities sustain the right of an executor or administrator to bind the estate for reasonable attorney's fees.

In the *Carpenter Case* it is held that an executor or administrator holds the legal title to the property; that he acts in the capacity of a trustee with respect to it; that his powers and duties as a trustee are substantially like the powers of a receiver; that the services of an attorney are conceded as necessary in the preservation of the estate and are of great value to the estate. In fact, it is said that no services are of greater importance or value; that in the *proper* case the attorney may, *where justice demands,* petition the court directly for the allowance of attorney's fees, and procure an order fixing and allowing the amount, and an order directing the payment and the establishment of a lien upon the assets of the estate for the amount as so fixed. This power of the court, it is said in the *Carpenter Case,* is exercised pursuant to the equitable jurisdiction conferred by statute upon county courts. In the *Carpenter Case* it appears that the administrator was insolvent. In the case of *Manderson's Appeal,* 113 Pa. St. 631, 6 Atl. 893, cited and commented upon in the opinion of the court, the executor had squandered the assets of the estate and then absconded. We therefore come to the logical conclusion that the *Carpenter Case* does not overrule or modify any of the other Wisconsin cases heretofore mentioned; that no contention is made in the opinion that such cases are either overruled or modified.

It is, however, further strenuously urged by petitioners' counsel that by the enactment of sec. 3808*a* of the Statutes in the year 1913 the legislature has declared a new legislative policy, which changes the status of an attorney employed to perform legal services in the probate of an estate, and makes him the attorney for the estate rather than the legal repre-

sentative of the administrator or executor.   Sec. 3808a provides:

"Whenever a firm or corporation of any kind is named as administrator or executor of an estate, he or she who is nearest of kin and who receives any interest in the estate, and if there be no bequest of any kind, then the party receiving the largest amount or interest from the estate, shall name the attorney who shall represent the estate in all proceedings of any kind or nature, unless good cause be shown before the court why this should not be done."

We would be inclined to look favorably upon the attitude of counsel with respect to this statute if such statute were made applicable to all executors and administrators.   A careful reading of this statute, however, discloses that it is made applicable only when firms or corporations are named as administrator or executor of an estate.   This clearly is a modification of the general rule under which a personal representative is authorized to employ his own attorney; but the very fact that the legislature has seen fit to limit the section, where the executor or administrator is a firm or a corporation, merely emphasizes the right of all other executors and administrators to select their own legal aid.   In the instant case the personal representative was an individual and therefore such statute does not apply.   We therefore conclude that the objection to the petition above treated is well taken.

It is next contended by attorneys for the appellant that the county court has no jurisdiction to determine the compensation to be paid the petitioners for legal services rendered in the action against the railroad company; that the cause of action given to the administratrix under secs. 4255 and 4256 of the Statutes is no part of the estate of the deceased.

Under the provisions of sec. 4256 the action in the instant case could have been brought either by and in the name of the personal representative, or by the widow directly with-

out the intervention of the personal representative. This statute also, as applied to the instant case, makes the amount recovered the property of the widow, and directs that the personal representative pay such amount to the widow. Under no circumstances is the amount recovered a part of the estate of the deceased. *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771; *Schmidt v. Menasha W. Co.* 99 Wis. 300, 74 N. W. 797.

The anomalous situation is therefore created that the personal representative, who is primarily the representative of the estate of the deceased person, is authorized by statute to commence an action for the recovery of damages for instantaneous death caused by the wrongful act or neglect of a defendant, and yet when the action is compromised or settled before judgment, or where final judgment is entered, the money is paid to the personal representative, and when so paid belongs, as in this case, to the widow, and is directed to be paid to her. Where an administrator of an estate receives assets consisting of personal property, the legal title vests in him and he holds the same in trust and is accountable to the court appointing him, after the manner of trustees generally. *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, 213, 101 N. W. 404. The amount, however, recovered from a defendant in case of instantaneous death, where the action is brought by the administrator, when paid to such personal representative, can only come to him and be held by him up to the time that he discharges his statutory duty, as the agent of the person for whose benefit the action has been brought. He is in no sense the arm of the county court, in the sense that the administrator is an arm of the court where he acts in his administrative capacity during the administration, with respect to the assets of the estate.

In *White v. Ward*, 157 Ala. 345, 47 South. 166, 18 L. R. A. N. s. 568, it is said:

"By the common law the administrator held, and still holds, the legal title to all the assets and choses in action of

the deceased; but the property of the chose in action in this case never did belong to the deceased. It is a right raised exclusively by the statute, and the property vests in the parents of the deceased, who have a personal right to sue for the same as their own property. The statute (Code 1896, § 26) conferring also the right upon the administrator to sue, being a new one, is not found in any administrative right at common law based upon the title of the deceased. As against the parents, therefore, the administrator could have no right or title to the chose in action. He could not be said, as against them, to have the legal title, and 'certainly he had not the equitable title. The right of property was clearly in the parents, and all necessary right to assert the same was also in them. It is entirely clear, therefore, that the parents would have a right to deal with the chose in action, at their pleasure, before, after, or pending the assertion of the right by the administrator, subject only to the right of the latter to costs duly incurred in the prosecution of the claim prior to any notice of the disposition thereof by the parents."

The language just quoted appeals to us as good law and sound logic. The reason, evidently, for the statutory provision pursuant to which the action may be brought by the administrator in his name arises from the fact that in many cases the person entitled to the amount of the recovery is inexperienced in matters of this kind, and that an administrator is selected largely on account of his personal honesty and fitness for the office, and because in actions of this kind a personal representative must be appointed by the court in order to represent an estate in the course of its administration. True, sec. 3809, Stats., expressly provides for the giving of an administrator's bond. Sub. 2 of said statute is as follows:

"Provided that where it appears that no property will come into the hands of the administrator excepting the proceeds of any claims arising from decedent's death, or for injuries inflicted upon him before his death, then the administrator shall not be required in the first instance to give any bond; but shall give a proper bond to be fixed by the court

before any such proceeds shall be paid over to him. And the person or corporation against whom such claims exist, after the amount of them in each case has been ascertained, either by settlement or judgment, shall not be required to make payment to the administrator until the bond in each case, last above provided for, shall be given and approved by the court."

Under the provisions of this statute, therefore, an administrator may be appointed even where there is no property belonging to the estate which requires administration. The legislature evidently also recognized the fact that such causes of action for damages are enveloped with a high degree of uncertainty with respect to the ultimate recovery thereon, and that the furnishing of a large bond in many instances would be burdensome and expensive, and would serve no purpose where no amount is received either on settlement or recovered on final judgment. By the language of the statute it will also be noted that in a case of this kind a *proper* bond is specified, which language evidently is used in contradistinction to the ordinary and usual bonds required of executors and administrators. There is no statutory provision for the filing of an inventory in a case of this kind, or the making and filing of a report in the matter, or notice of hearing or of final disposition. On the other hand, the statutes pertaining to the administration of estates of deceased persons are very specific in setting forth all of the duties and obligations of the personal representative. When the amount is received by the personal representative in a case of this kind, he obtains no legal or other title or interest therein excepting an equitable interest with respect to the amount of his fees and his expenses, and he holds the entire amount as the agent of the widow or other person entitled thereto, and upon the performance of the duty prescribed by sec. 4256, Stats., when he pays the amount to the beneficiary his obligations come to an end and his duties are discharged.

Counsel for petitioners contend that the personal repre-

sentative in a case of this kind acts in the capacity of a trustee; that such trustee is an arm of the court that appointed him; that he is subject to the direction of the court; that he can apply to the court at all times for instructions for his own protection; and that among the powers which the appointing court has, is that of determining the reasonable value of the services and the equitable power of declaring the amount, when so determined, a lien upon the fund. We could readily agree with counsel if such intention appeared from the wording of the statute, or if the personal representative in a case of this kind actually acted as a trustee and had the title, legal or equitable, to the property. It would appear that in place of the administrator the legislature could readily have selected any other public official to prosecute the action as the agent of the proper party to be benefited. See, also, *Turner v. Minneapolis St. R. Co.* 153 Minn. 509, 190 N. W. 986.

We are therefore of the opinion that the second point raised by appellant's counsel is well taken, and we so hold. The order of the county court must therefore be reversed.

*By the Court.*—Order reversed, and the cause is remanded with directions to the lower court to dismiss the petition.