JUERGENS, Respondent, vs. RITTER, Appellant.

*March 16—April 12, 1938.*

*Cyril C. Foster,* attorney, and *John E. Ferris, Jr.,* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Lloyd S. Jacobson,* and oral argument by *Mr. Jacobson* and *Mr. George F. Sieker,* both of Milwaukee.

NELSON, J.   In asking this court to reverse the judgment of the circuit court for Milwaukee county which affirmed a summary judgment of the civil court of Milwaukee county, the defendant first contends that the facts of the instant case are not such as to bring it within the provisions of the summary-judgment statute, sec. 270.635.   The summary-judgment statute, among other things, provides:

"(1)  Summary judgment may be entered as provided in this section in an action:

"(a)  To recover a debt or demand arising on a contract, express or implied (other than for breach of promise to marry)."

In our view there is no dispute between the parties as to the material facts.   The plaintiff as an attorney at law rendered services to the defendant as executor of the last will and testament of Frank Luenzmann.   After a time the defendant desired to have another attorney substituted in the place of the plaintiff.   The plaintiff and the defendant signed a written consent to substitute Cyril C. Foster as attorney for the defendant as executor, wherein and whereby it was agreed:

"The undersigned hereby consent that Cyril C. Foster of Milwaukee, Wisconsin, be substituted in the place of Carl H. Juergens, Esq., of the city of Milwaukee, Wisconsin, as attorney of record for the above-named estate and for the

executor of the last will and testament of the above-named deceased; provided, however, and this consent is made and given subject to any and all liens of said Carl H. Juergens, Esq., in and to the funds and property of said estate, and upon the express condition that Oscar A. Ritter, executor of the last will and testament of Frank Luenzmann, deceased, in the above-named county court, shall, forthwith upon the allowance by said court of the fee due said Carl H. Juergens, Esq., in the above-entitled matter, pay the amount thereof to said Carl H. Juergens, Esq.; that an order making such substitution, specifying and reserving the aforementioned provision and condition, may be entered forthwith and without notice."

The county court of Milwaukee county thereupon entered an order substituting said Cyril C. Foster for the plaintiff upon the express conditions agreed to in the consent to substitution. Thereafter, the parties and their attorneys, pursuant to said agreement, appeared before the county court of Milwaukee county, which, after due hearing, found and determined that the plaintiff was justly entitled to the sum of $548.54 as compensation for the professional services rendered to defendant as executor, and then ordered, in strict compliance with said agreement, that the defendant, as such executor, be required forthwith to pay to the plaintiff for such services the sum so found to be due him. The defendant thereafter paid to the plaintiff the sum of $237.53 on account, leaving a balance of $311.01.

The defendant, notwithstanding the written agreement entered into by him with the plaintiff, and notwithstanding the determination by the county court of the amount of the fee to which the plaintiff was entitled, contends that he has an arguable defense to the action based upon his allegation that, at the time the plaintiff was engaged as attorney for the executor, an express agreement was made with the defendant to the effect that his fee would be very reasonable inasmuch as the estate was insolvent and that he would exact his

fee out of the appreciated assets of the estate, if any, and not from the defendant personally. In view of the fact that the plaintiff and defendant entered into a written contract which provided for the substitution of Cyril C. Foster as attorney for the defendant, as executor, upon the terms and conditions expressed therein, we conclude that the allegation, upon which the defendant relies, does not amount to an arguable defense to the plaintiff's claim. *Sullivan v. State,* 213 Wis. 185, 251 N. W. 251. Proof of facts tending to substantiate that allegation would certainly vary the terms of the written contract entered into and violate the well-established parol-evidence rule. *Beers v. Atlas Assurance Co.* 215 Wis. 165, 253 N. W. 584; *Estate of Leedom,* 218 Wis. 534, 259 N. W. 721, 261 N. W. 683. Since proof of the facts alleged would be subject to objection and inadmissible because varying the terms of the written contract, such allegation, properly construed, raises no factual issue or arguable defense.

So, eliminating the allegation of the defendant upon which he relies, we have only an action brought by an attorney to recover a debt or demand arising on an express contract for services rendered to the defendant while acting as an executor. It has been held over and over again that an executor or administrator is personally liable to an attorney whom he employs as such executor or administrator, in the absence of equitable considerations or exceptional circumstances. *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402; *Miller v. Tracy,* 86 Wis. 330, 56 N. W. 866; *Wiesmann v. Daniels,* 114 Wis. 240, 90 N. W. 162; *Vaughn v. Walsh,* 122 Wis. 486, 100 N. W. 840; *Estate of Arneberg,* 184 Wis. 570, 200 N. W. 557. The rule is well established in this state. The only question that ordinarily arises in connection with claims of attorneys against executors or administrators for services rendered them (assuming, (1) an estate of sufficient size to warrant the employment of an

attorney, (2) a duly appointed, qualified, and acting executor or administrator, (3) employment of an attorney, and (4) performance of services by him) is the reasonableness of the fee charged. If the amount of the fee, paid or incurred, be found to be reasonable by the county court in which the matter is pending, then it may be allowed to the executor as an expense of administration, and have priority over other claims. Sec. 313.16, Stats. In the present controversy there was obviously a dispute as to the reasonableness of the plaintiff's fee. In that situation it was agreed that the amount of the plaintiff's fee should be determined by the county court. Upon the hearing at which the parties and their attorneys were present, the court obviously determined the reasonable amount of the fee due the plaintiff. This course of action was no doubt resorted to for the purpose of having the reasonableness of the plaintiff's fee determined to the end that the defendant might be fully protected in paying it. No reason occurs to us for saying that the procedure followed was not proper. There can be no doubt that the county court in which an estate is pending, and in a situation like this, may properly determine the reasonableness of a fee asserted to have been earned by an attorney for an executor or administrator. The county court has authority ultimately to determine the reasonableness of an attorney's fee paid or to be paid by an executor or administrator. We are of the opinion that the order of the county court is binding upon the plaintiff and the defendant and also upon the court in so far as it determined the reasonableness of the fee earned by the plaintiff and the amount for which the defendant may take credit in his final account.

We do not, however, regard the order of the county court as *res adjudicata* on the question of the defendant's personal liability. The established law fixes that liability.

We are further urged to hold that because the "consent to substitution" agreement contained the proviso that "this

consent is made and given subject to any and all liens of said Carl H. Juergens, Esq., in and to the funds and property of said estate," the plaintiff elected to have a lien against the estate, and it should be held that he thereby waived his claim against the defendant personally. That language, in our opinion, is not subject to such construction. Under our law an attorney for an executor or administrator may not file a claim for his fee against an estate in the absence of a showing that the executor is insolvent or unless there exist some equitable considerations or exceptional circumstances. So the language of the consent to substitution just hereinbefore recited and the order based thereon did not give to the plaintiff a lien on the property of the estate. The plaintiff cannot even file a claim against the estate unless he can show that the executor is insolvent or unable to pay or that some equitable considerations or exceptional circumstances exist. So far as the present record is concerned there is no showing that the defendant is insolvent or is unable to pay.

We are also urged to overrule all of our cases hereinbefore cited, which adhere to the rule that an executor or administrator is personally liable to his attorney for services rendered to him as executor, on the ground that such rule is against public policy. The rule adopted by this court is in accord with the rule adopted by the majority of the state courts in this country. *Estate of Arneberg, supra.* We are therefore at a loss to understand how in reason it can be asserted that the rule violates the public policy of this state.

*By the Court.*—Judgment affirmed.