ESTATE OF SHELDON : SHELDON, Appellant, vs. ESTATE OF SHELDON and another, Respondents.*

*September 12—October 16, 1945.*

* Motion for rehearing denied, without costs, on December 4, 1945.

For the appellant the cause was submitted on the brief of *William E. Thurston* of Durand.

For the respondents there was a brief by *Fellenz & Schneider* of Fond du Lac, and oral argument by *John J. Schneider*.

MARTIN, J.   Leander Sheldon, father of claimant and the deceased Ben Sheldon, died in December, 1912, leaving each son forty adjoining acres of land subject to the life use of their mother, Amanda E. Sheldon.   Amanda Sheldon lived on this eighty-acre farm and with Ben's help operated same until her death on March 15, 1939.

During the period from the mother's death until his death on January 10, 1943, Ben continued to reside in the residence which he and his mother had occupied on his forty acres. During 1939 Ben used and occupied the west half of appellant's forty, for the use of which the court allowed claimant the sum of $140 on the basis of $7 per acre which the court found to be the reasonable rental value of the land for the years in question.   The east half of the forty acres was not used by Ben or rented to anyone for the year 1939.   There is some evidence to the effect that in 1940 the west twenty acres was used and occupied by two parties; but there is no direct evidence that the premises were rented to them by Ben or that he received anything for the rental thereof for that year.

There is also some evidence to the effect that the east half of appellant's forty acres was used in 1940 by one Bronkhorst; but there is no evidence that he rented same from Ben, or if he did the amount of rental that he paid. During the year 1941 the west half of the forty acres was not used by anyone. In 1942 D. W. Horn rented ten acres of the west half and a man named Kamphius rented the other ten acres of the west half. Horn paid $70 rental to Ben, and Kamphius paid $80. During said year the east twenty acres was rented to one Frank Card who paid Ben a rental of $140. Ben had not cashed Card's check up to the time of his death and this check is listed in the inventory of Ben's estate.

The court allowed the above items of rental received by Ben for the year 1942, plus the item of $140 as the reasonable rental for the twenty acres used and occupied by Ben in 1939. It appears that Ben paid the taxes on appellant's forty for the year 1940 in the sum of $39.05, which amount the court allowed as an offset against the rental items above mentioned, aggregating $430.

Appellant contends that the deceased's estate is liable for the reasonable value of the use and occupation of his forty acres for the years 1939 to 1942, inclusive. Appellant testified that he never made any arrangements with his brother as to the use and occupancy of his forty acres, nor did he authorize Ben to lease them as his agent; that he never demanded any rental from his brother for the years in question.

Appellant argues that because decedent used and occupied the west half of his forty acres during 1939 he should be deemed to have been in possession of the entire forty. In support of this contention appellant cites sec. 330.07 (4), Stats. This statute relates solely to adverse possession and has no application to the facts in the instant case.

As to 1940, appellant argues that because decedent paid the taxes for that year on appellant's forty it is evidence that

decedent was in possession of the forty acres during said year. Appellant cites as authority 1 Am. Jur., Adverse Possession, p. 927, sec. 245. The text cited states:

"In proving a claim of title by adverse possession, it is competent to introduce evidence showing the payment of taxes by the claimant on the property. . . ."

From this text appellant concludes that "if the payment of taxes is evidence of adverse possession, it should be evidence showing possession in this case." The argument is without merit. We are not considering a case involving any phase of adverse possession.

In his brief appellant states that he makes no objection to the findings of the trial court; that he objects only to the conclusion "that the deceased, Ben F. Sheldon, is liable for the reasonable rental value of said premises only for the years in which he occupied and used the same himself, or rented them to others and collected rent therefor." There is no finding by the trial court as to any use and occupancy of appellant's forty acres by the deceased other than as indicated in the foregoing statement of facts.

Appellant argues that the occupancy of premises by one person with the consent or permission of the other creates between the parties the relation of landlord and tenant, and in the absence of an agreement or circumstances indicating a contrary intent, the law will imply an agreement on the part of the tenant to pay the reasonable value for his use and occupation. Citing 32 Am. Jur., Landlord and Tenant, p. 349, sec. 430. Assuming this to be a correct statement of the law, it would create an implied agreement on the part of the deceased to pay the reasonable value for *his use and occupation*. It does not imply that the deceased's estate is liable for anything more than the reasonable value of *what he had the use and occupation of*.

Sec. 234.16, Stats., so far as here material, provides:

*"Recovery for use and occupation.* Any landlord may recover a reasonable satisfaction for the use and occupation of any lands or tenements by any person under any agreement not made by deed."

In the claim filed in the county court appellant states:

"That the estate of said Ben F. Sheldon is indebted to this claimant for the reasonable rental value of said lands for the years 1939, 1940, 1941, 1942, and amounting in all to the sum of $1,120, together with interest thereon, *less such sum as would properly compensate the said Ben F. Sheldon for the management and rental to others of said lands."*

This language would seem to imply that Ben acted as the agent for appellant in the management and rental of appellant's forty acres. However, on the trial in the county court appellant based his claim on the relationship of landlord and tenant and sought recovery against his brother's estate for the reasonable rental value of the whole of said forty acres for the years 1939 to 1942, inclusive. There is no evidence that Ben at any time during the four years in question actually used any part of appellant's forty acres, excepting the west half during 1939, for which claimant has been allowed the sum of $140. While it appears that other parties occupied a part of appellant's forty acres during 1940 and 1941, there is no evidence of Ben's connection with the rental of same or that he collected any rental for any part of said forty acres for the years 1940 and 1941. In 1942 Ben rented the whole forty; that is, ten acres of the west half to Kamphius for $80, the remaining ten acres of the west half to Horn for $70, and the east twenty acres to Card for $140. The court has allowed claimant these respective sums.

The findings and conclusion of the trial court are sustained by the evidence.

*By the Court.*—Judgment affirmed.