ESTATE OF SHELDON : IRVING, Claimant, Respondent, vs. SHELDON, Administrator, Appellant.*

*October 22—November 26, 1946.*

* Motion for rehearing denied, without costs, on January 22, 1947.

The cause was submitted for the appellant on the briefs of G. M. *Sheldon* of Tomahawk, and for the respondent on the brief of *Fellenz & Schneider* of Fond du Lac.

BARLOW, J. The facts in this case are not in dispute. Ben F. Sheldon died leaving G. M. Sheldon, a brother, and Willetta Irving, a daughter of a deceased sister of the deceased, as his only heirs at law: G. M. Sheldon was appointed administrator. He filed a personal claim against the estate, to which Willetta Irving filed objections, employing attorneys to contest the claim. The trial court allowed claimant $390.95 of a total amount of $1,120 claimed. Sheldon appealed to this court and judgment was affirmed. See *Estate of Sheldon* (1945), 247 Wis. 457, 20 N. W. (2d) 115. Willetta Irving then filed a claim against the estate for the attorneys' fees claimed by her attorneys for services rendered in opposing this claim. G. M. Sheldon, as administrator, objected to the claim, which was allowed by the trial court at the sum of $275. The administrator appeals from the judgment.

Appellant contends that any claim for attorneys' fees should have been made against the administrator and not against the estate; also claiming that no allowance may be made out of an estate of a deceased person for services of an attorney who was not employed by the personal representative of the estate. Claim is also made that the services were rendered for the sole benefit of the niece to protect her interest in the estate, and that she therefore is liable for the services so rendered.

Counsel fails to give recognition to the fact that a claim for attorneys' fees may be filed against the estate of a deceased where equitable considerations or exceptional circumstances exist. *Juergens v. Ritter* (1938), 227 Wis. 480, 279 N. W. 51; *McLaughlin v. Winner* (1885), 63 Wis. 120, 23 N. W. 402; *Miller v. Tracy* (1893), 86 Wis. 330, 56 N. W. 866; *Wiesmann v. Daniels* (1902), 114 Wis. 240, 90 N. W. 162; *Vaughn v. Walsh* (1904), 122 Wis. 486, 100 N. W. 840; *Estate of Arneberg* (1924), 184 Wis. 570, 200 N. W. 557.

Here we have both the equitable consideration and exceptional circumstances. The administrator, who is a duly licensed attorney and heir at law, files a personal claim against the estate, to which objection was filed by an heir at law. The administrator does not resign, thus leaving no one to protect the interest of the estate unless it be a third party. Certainly the interest of the administrator was adverse to the estate. The advisable procedure would have been for the administrator to resign or, if application had been made, he could have been removed by the court, but this was not done. An heir at law assumed the responsibilities of the administrator, although not legally appointed.

Sheldon contends that he has received, and will receive, no benefit from the expenditure mentioned, and therefore the estate should not be held liable for the services rendered. It is not a question of whether Sheldon will be benefited—the question is whether the estate is benefited, and there can be no question about this as the estate was enriched in the sum of $729.05, the portion of the Sheldon claim which was disallowed. It is for the services rendered for this benefit to the estate that the claim is made. If the administrator had resigned or had been removed and a successor appointed who had employed attorneys to contest this claim, no one would question the right of the court to allow reasonable attorneys' fees for the services rendered.

It has been held that where certain legatees assumed the burden of compelling a daughter of a decedent to restore to the estate certificates of deposit claimed by the daughter as a gift from the decedent, it was proper to allow counsel fees of such legatees to be paid from the estate. *Becht v. Miller,* 279 Mich. 629, 273 N. W. 294, 298. It is the duty of the administrator to protect and conserve the estate committed to his care, and where the interest of an administrator is adverse to the estate the intervention by a legatee may be reasonably necessary and

prudent, and where the result of such intervention adds to the estate or trust fund, a finding that the legatee so intervening is equitably entitled to reasonable compensation from the estate or trust fund presents no error of law. *Bean v. Bean,* 71 N. H. 538, 53 Atl. 907; *Burke v. Concord Railroad,* 62 N. H. 531. `

Appellant further contends that claimant should be limited to costs and attorneys' fees under sec. 324.11, Stats., citing *Estate of Gallagher* (1938), 231 Wis. 621, 282 N. W. 615. The case cited was a proceeding for the construction of a will, in which it was the duty of all parties in interest to protect their rights, which is very different from the case under consideration. The attorneys here rendered services for the estate, and the county court has authority ultimately to determine the reasonableness of attorneys' fees paid or to be paid by the executor or administrator. *Juergens v. Ritter, supra.* While the services here rendered were not for the executor or the administrator, they were for the person who represented the interest of the estate where the administrator was not in position to do so. The whole procedure may be irregular, but it is considered that the claim was properly allowed.

*By the Court.*—Judgment affirmed.

---

* Motion for rehearing denied, with $25 costs, on January 22, 1947.