CLARK v. HAUPT.

PRINCIPAL AND AGENT—NOTICE OF WANT OF AUTHORITY.
  Plaintiffs, dealers in pianos, employed one P. to solicit cus-
  tomers, but gave him no authority to sell. P. placed an in-
  strument on trial in defendant's house, and offered, in the pres-
  ence of a member of the firm, to sell the same for $400, but
  this offer was refused. P. thereafter visited defendant, and
  stated that he would see his employers before the instrument
  was removed, and ascertain what they thought about it. The
  following day P. returned, and represented that plaintiffs had
  authorized him to sell for $200, whereupon the bargain was
  concluded. *Held,* that the statement of the canvasser in
  regard to seeing his employers before making an offer, and his
  final proposition to sell at half price, were circumstances
  which should have awakened suspicion of his lack of author-
  ity to consummate the sale. MONTGOMERY, J., dissenting.

Error to Wayne; Frazer, J.  Submitted January 15,
1896.  Decided May 12, 1896.

Replevin by Seward E. Clark and another against
William T. Haupt.  From a judgment for defendant,
plaintiffs bring error.  Reversed.

Plaintiffs, in 1893, were engaged in the business of sell-
ing pianos.  The firm then consisted of the present plain-
tiffs and Edwin A. Long.  They employed persons as
canvassers to look up prospects for the sale of the pianos.
These canvassers were not authorized to make sales, but
when they found prospects they reported them to their
employers, who completed the transaction.  Among
those so employed was one Pressburg, who reported the
defendant as a prospect, and stated that a piano could be
put in his house.  Mr. Long went with Pressburg to the
house, where they found Mrs. Haupt.  She testified that
she refused to buy, and told Mr. Long that nobody had

given Pressburg permission to bring the piano. While they were talking, the piano came. She finally consented that the piano might be placed in the house upon the understanding that it should be taken away on the following Monday. This was early in May. No one came until Friday night, when Mr. Long and Pressburg came together. Mr. Haupt was at home. Mrs. Haupt and the defendant testified that Pressburg gave the price as $450, and finally came down to $400. Defendant and his wife both testified that in that conversation Mr. Pressburg said to them in the presence of Mr. Long, "I am not their agent, but I am their manager." Mr. Long testified that he heard no such conversation, and that much of the conversation between Pressburg and the defendant and his wife was in German, which he did not understand. The defendant testified that at the first interview between himself, Pressburg, and Long, Mr. Pressburg represented himself as the agent and Mr. Long as one of the managers, and so introduced Mr. Long to him. Mr. Long fixes the offer of the piano at $465. Thus the matter rested until June 3d, when Pressburg again visited Mrs. Haupt. She testified that Pressburg then said to her, "Before I bring up a dray and take the piano, I will see Mr. Clark, and see what he thinks about this." The next day Pressburg returned, and stated that plaintiffs had authorized him to sell the piano to them for $200. Defendant, Haupt, concluded the bargain with Pressburg for $200,—$25 in cash, and a note for $175, payable February 1, 1894. This contract of sale was made July 3d. Pressburg meanwhile reported to plaintiffs that he could sell the piano to Haupt for $500 on credit, payable in five notes of $100 each. Plaintiffs looked up Mr. Haupt's rating, and authorized the contract. Pressburg turned over to the plaintiffs five notes purporting to be signed by Haupt, and dated June 23d. One note they discounted at a Detroit bank. The others were sent to the firm of which plaintiffs purchased the piano. Soon after, Mrs. Haupt went to plaintiffs' store to exchange a piano

cover and stool. Plaintiffs then, for the first time, were informed by Mrs. Haupt of the arrangement made with Pressburg. The defendant insisted upon the validity of his purchase, and refused to take any action in the matter. Plaintiffs thereupon, as they testify, tendered him $25 and a bond of indemnity against the outstanding note of $175. Defendant admits the tender of a bond, but denies the tender of $25. He refused to accept, and thereupon plaintiffs, after demand, brought this suit of replevin.

*George W. Radford*, for appellants.

*Elbridge F. Bacon*, for appellee.

GRANT, J. (*after stating the facts*). It is clear that a gross fraud was perpetrated upon the plaintiffs. The notes for $500 were forged. Pressburg, soon after the transaction, fled, and neither he nor the note for $175 has since been heard of. Obviously, this transaction ought not to stand, unless the inflexible rules of law require it; and we think they do not. Pressburg, in fact, had no authority to make the sale. It was submitted to the jury upon the theory that plaintiffs had held Pressburg out as their agent or manager authorized to sell. It is not claimed that even Pressburg had represented himself as clothed with authority before Mr. Long went with him to see Mr. Haupt. In the first interview with Mr. Haupt, Pressburg did not claim authority to sell, but called himself simply an agent, and introduced Mr. Long as the principal. Mr. Long said nothing showing any authority in Pressburg. At the last interview when Mr. Long was present, both Mr. and Mrs. Haupt declined to buy, and understood that the piano was to be promptly removed from their house. Neither of the plaintiffs made any further effort to sell it. When Pressburg next visited them, he told them that he would see his employers, and report what they would do. This was notice to them from Pressburg himself that he had not then the authority to sell the piano. Any statements made to Mrs. Haupt or

to the defendant after that of his authority were incompetent to prove the agency, and this was all the proof there was. They were fairly put upon their guard that they must deal with Pressburg at their peril. The least price which had been fixed by the plaintiffs was $400, according to defendant's own testimony. There is no evidence upon this record that it was worth less. On the contrary, it clearly appears that this was a valuable piano, and that the regular price was $500. The proposition of Pressburg to sell at half price should have awakened their suspicions. A few moments' walk to plaintiffs' store, or a telephone message, would have ascertained Pressburg's authority. We think no title passed, and that the plaintiffs did nothing to estop them from denying the agency. The court should have directed a verdict for plaintiffs.

Judgment reversed, and new trial ordered.

LONG, C. J., and MOORE, J., concurred with GRANT, J. HOOKER, J., concurred in the result.

MONTGOMERY, J. (*dissenting*). I am not able to agree with my brethren that the statement of the agent, Pressburg, to the defendant, to the effect that he would see his employers before making a proposition to defendant, was notice of a want of authority to sell the piano. Nor do I think that the proposition to sell at the price of $200 was conclusively, and as matter of law, notice of a want of authority. I think, therefore, there was a question for the jury, and dissent from the conclusion of the majority for this reason.