BECK et al. v. FREUND.

(Supreme Court, Appellate Term. May 27, 1909.)

1. PRINCIPAL AND AGENT (§ 103*)—AUTHORITY OF SALES AGENT—CONTRACTS ON EXTRAORDINARY TERMS.

A sales agent has not general authority to sell goods on extraordinary terms, and certainly not to consign champagne with the understanding that the buyer can pay for it as he sells it, and to undertake to procure him customers therefor.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 283; Dec. Dig. § 103.*]

2. PRINCIPAL AND AGENT (§ 166*) — RATIFICATION OF UNAUTHORIZED CONTRACTS.

Ratification of the terms of an unauthorized contract made by an agent can be made only with a full knowledge thereof.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 627; Dec. Dig. § 166.*]

3. PRINCIPAL AND AGENT (§ 123*) — NATURE OF AGENCY AND AUTHORITY — ADMISSION IN TELEPHONE CONVERSATION.

A telephone conversation between the buyer and sellers of champagne sold by an agent, in which the sellers, in response to an inquiry, said that anything the agent told the buyer went and that he was their representative, is an admission that he was a general agent, with the fullest authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420, 424; Dec. Dig. § 123.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. Principal and Agent (§ 193*)—Authority of Sales Agent—Question for Jury.

Evidence *held* to present a question for the jury as to authority of an agent to bind his principals by a sale of champagne on unusual terms.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. § 193.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Beck and others against Alfred Freund. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Pratt, Koehler & Russell (Addison S. Pratt and Carl Martin Abromeit, of counsel), for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

LEHMAN, J. The plaintiffs herein are the exclusive agents for the United States of Piper Heidsieck champagne, and this action is brought for the purchase price of certain champagne. The defendant pleaded a general denial, and a further separate and distinct defense wherein it was alleged that, in consideration of the defendant's accepting for sale certain champagnes, the plaintiffs agreed to procure purchasers for the same and to guarantee the payment of the account of such purchasers as they would recommend.

At the trial one of the plaintiffs testified that he had sold and delivered two orders of champagne to the defendant, both procured by their agent, Meyers, and introduced a letter to defendant accepting the first order, containing the words, "Net cash, 30 days; 10 days less 3%," and an order from the defendant for six cases of quarts and six cases of pints, "Terms 60 days." Plaintiff also testified that the soliciting of these orders was all done through Meyers, and that he had no conversation with any person connected with the defendants, except that he telephoned to them to confirm the order before shipping. One of the defendants then testified that Meyers, the plaintiffs' salesman, tried to sell him champagne, and upon his refusal to purchase stated that they were anxious to bring activity into this brand, and added:

"We will put in the stuff on consignment, and we will go around and sell it for you, and you can pay for it as it is sold."

Four days after this conversation, Meyers came in with an order for six cases from a man named Roberts, and stated:

"Here is an order. This man is good. We made an arrangement to give him 30 days, and, if he don't pay you, we will."

Thereafter the defendant called up the plaintiff on the telephone and said to him:

"Your man brought me an order for six cases, and he made me a proposition of going out to sell the goods, and also, if this man Roberts does not pay for the six cases, that you will. Does everything go that the man says?"

And the plaintiff answered:

"Yes; anything he tells you goes. He is our representative."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The trial court refused to allow in evidence certain documents that would have tended to show that Meyers made the arrangements claimed by the defendant, and at the close of the case directed a verdict for the plaintiffs.

The defendants can establish their defense only by proof of special agency, or by ratification. It is well settled that an agent has not general authority merely through his employment as salesman to sell goods upon extraordinary terms, and certainly not to consign goods of his employer upon such terms as Meyers attempted to give here. I think it must also be conceded that the telephone conversation was not sufficient to establish a ratification, if he had no actual authority, because a ratification can be made only with full knowledge of the terms of his unauthorized agent; but it appears to me that this conversation is an admission on the part of the plaintiff that Meyers actually was a general agent, with authority of the fullest kind. The plaintiff denied the conversation, but did not deny that Meyers had full authority; and it was a question for the jury whether the telephone conversation was ever held, and, if so, whether, in view of all the circumstances, they would draw the inference, from the admission made by plaintiff, that Meyers had the authority to bind his principals in the way he appears to have attempted.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.