ESTATE OF LEEDOM: WALLER CARSON & COMPANY, Appellant, vs. LEEDOM, Executrix, Respondent.

*March 5—June 24, 1935.*

For the appellant there were briefs by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Irving A. Puchner*.

For the respondent there was a brief by *Carl F. Geilfuss,* attorney, and *Peter J. Hayes* of counsel, both of Milwaukee, and oral argument by *Mr. Hayes*.

The following opinion was filed June 24, 1935:

FRITZ, J. (*on motion for rehearing*). The appellants, Waller Carson & Company, move for a rehearing. In support of that motion, they contend, among other matters, that, as the effect of the decision herein is to ·determine a question of fact, which was not actually litigated either in the trial court or on appeal, they "ought to be given an opportunity to have the question of the existence of a contract determined in the light of all the facts that may have a bearing thereon." In that connection they say: "In the present case there was a course of dealing between the parties commencing with negotiations leading to the execution of the so-called subscription agreement and continuing over a period of more than a year. If, for instance, the appellants were able to show that the stock was set aside and

dividends thereon were credited to James B. Leedom, those facts, with others, might persuasively indicate an offer and acceptance."

Even though the question as to the validity, as a contract enforceable by Waller Carson & Company, of the two instruments upon which they relied, was not actually litigated in the trial court, it was necessarily involved at all times, because, unless there existed a valid contract obligating Waller Carson & Company to deliver the stock, as the vendors thereof, to Leedom, there was no legal basis whatsoever for a recovery by them under a contract. However, as it is true that that question was neither actually litigated in the trial court, nor argued by counsel on this appeal prior to the motion for rehearing, and as it should be determined in the light of all rules of law and all facts, including any course of dealings between the parties and any existing custom which may, under the rules of evidence, have any bearing on whether Waller Carson & Company ever became legally obligated to Leedom to make delivery of the stock to him, as a purchaser thereof from them, the ends of justice may be better served by granting a new trial than by the affirmation of the judgment on the present record. Under the circumstances, the opinion heretofore filed herein is withdrawn in all respects and the cause will be remanded for a new trial upon all issues of fact, as well as law, involved herein.

As, upon a new trial, there may also arise some of the questions in respect to evidence received over objection, or excluded on the first trial, it may be well to state briefly our conclusions in respect to those rulings in so far as they were submitted for review. Evidence introduced by the executrix to show that, at the time Leedom signed the so-called subscription contract, it was agreed orally that he was to purchase only if and when he sold his Cities Service Company

stock at $29 per share, was objected to on the ground that it was an attempt to vary the terms of the written instrument by an alleged contemporaneous parol agreement. As such a parol contemporaneous agreement that the purchase and payment were to be contingent on the prior sale of Leedom's stock, would clearly be contradictory to and at variance with the unambiguous and unconditional provisions in the subscription contract and in the statement, dated September 11, 1930, that payment was to be made "in full on or before September 18, 1930," the parol evidence admitted over objection to establish that alleged parol agreement should have been excluded. *Ady v. Barnett,* 142 Wis. 18, 21, 124 N. W. 1061; *Behling v. Rock County Sugar Co.* 187 Wis. 95, 203 N. W. 908; *Mallow v. Hall,* 209 Wis. 426, 245 N. W. 90; *Beers v. Atlas Assurance Co.* 215 Wis. 165, 253 N. W. 584.

Testimony by four other witnesses, as to what they claimed was said in their hearing in 1933, by Earl S. Koehler, who was the agent of Waller Carson & Company in September, 1930, when he negotiated the purchase by Leedom, was not admissible against Waller Carson & Company as an admission made by Koehler, as their agent. Koehler's statements in 1933 were no part of the *res gestæ* of the transactions with Leedom in September, 1930, and were consequently not binding on Waller Carson & Company. *Small v. McGovern,* 117 Wis. 608, 94 N. W. 651; *Kamp v. Coxe Bros. & Co.* 122 Wis. 206, 99 N. W. 366; *Bell v. Milwaukee E. R. & L. Co.* 169 Wis. 408, 172 N. W. 791. If Koehler had been called as a witness by his former principal and the latter had had him testify on a material subject, statements at variance with such testimony made by Koehler, even though made at some other time than as part of the *res gestæ,* might have been proved by the executrix for the purpose of impeaching Koehler's testimony, but even in that event those impeaching statements could not be considered as proof of the matters

stated. *Wolf v. Evans,* 211 Wis. 601, 247 N. W. 844; *Ohio & Mississippi R. Co. v. Stein,* 133 Ind. 243, 31 N. E. 180, 32 N. E. 831; 2 Moore, Facts (1908), § 1138; 6 Jones, Commentaries on Evidence (2d ed.), § 2414. Koehler's testimony introduced by the executrix, that he did not believe there was a meeting of the minds on this particular contract, should have been excluded by the court on the objection of the claimant's counsel that the question, which was thus answered, called for a legal conclusion. That objection should have been sustained. On the other hand, as Waller Carson & Company contended, and still contend on their motion for a rehearing, that the form of contract involved herein had been recommended by the securities division of the public service commission, the executrix should have been permitted to introduce the offered testimony of the witness Puelicher, who was the chief examiner for that division, which tended to show that the commission had not allowed the claimant to use the form for the contract in suit, as was necessary under sec. 189.17 (6), Stats. 1929, before it could be used by a principal or broker.

For the reasons stated, in lieu of granting a motion for a rehearing and reargument in this court upon the present record, the mandate heretofore entered herein will be set aside and the following mandate substituted:

*By the Court.*—Judgment reversed, and cause remanded for a new trial in all respects. Appellants shall have costs on the appeal and the motion for a rehearing.

A motion for a rehearing was denied, without costs, on September 10, 1935.