BURTON, Appellant, vs. BROWN and others, Defendants:
BOEHMERS FARMERS STORE, Respondent.

*November 4—December 3, 1935.*

For the appellant there was a brief by *Perry & Perry* of Black River Falls, and oral argument by *H. M. Perry*.

*Laurence S. Coe* of Rice Lake, for the respondent.

FRITZ, J.   The evidence established the following facts, without material conflict: Plaintiff was a dealer in Delco electric light plants authorized by the manufacturer to sell in territory around Black River Falls and Whitehall, in each of which he maintained a store for that purpose.   He resided at Black River Falls, and the defendant, B. P. Brown, was in his employ at Whitehall to sell plants on commission.   The Boehmers Farmers Store was located at Rice Lake (one hundred and fifty miles from Whitehall); and, in connection with its business there, it was the manufacturer's authorized distributor of Delco products in that territory, and employed R. M. Franklin to attend to its purchases and sales thereof. He knew that the Delco generator involved herein was unused and that, although it was not the latest model, the manu-

facturer's price thereof was $165 to dealers and $135 to distributors. About three weeks prior to November 11, 1933, Franklin and his wife, who were friends of B. P. Brown, visited the latter at Whitehall; and there, at plaintiff's store, Brown showed the generator to Franklin and discussed it with him. Both then called on the plaintiff at Black River Falls and there Franklin offered $100 for it. Plaintiff refused that offer. At about 6 o'clock p. m., on November 10, 1933, without Burton's knowledge, Brown telephoned from Whitehall to Franklin at Rice Lake, and inquired whether he would still purchase the generator. Franklin said that he might, but not at more than $100. Brown replied that he would bring it at once, and then took it in his automobile to Franklin's residence at Rice Lake. He arrived at midnight and stayed with Franklin that night. The next morning, at Franklin's direction, Brown delivered the generator to Boehmers Farmers Store, and the latter's check for $100 was given to him.

A witness, Weinstock, was permitted to give testimony, without any objection as to its relevancy or competency, that after November 11, 1933, Franklin had told him that Brown brought the plant to Rice Lake to sell in order to force the collection of money which he could not get from the plaintiff; and that Franklin said he thought it was a good buy at the price, and that he would do anything to help Brown get the money to which he was entitled. Franklin testified that he did not make such statements. When the parties rested, the court directed a verdict in favor of the defendants, Franklin and Boehmer, but denied a motion therefor by the Boehmers Farmers Store. No motion or request was ever made by the latter to have Weinstock's testimony stricken, or to have the jury instructed to disregard it. The court then submitted to the jury for a verdict a question as to whether Franklin knew, or had good reason to believe at the time the plant was

purchased, that Brown had no right to sell the light plant for $100, and that he was making such sale for the purpose of defrauding the plaintiff. The jury answered that question "Yes;" but the court, on the Boehmers Farmers Store's motion after verdict, changed the jury's answer to "No," on the ground that there was no evidence to support the verdict excepting Weinstock's testimony as to Franklin's statements to him. In respect to those statements, the court, in its decision on the motion after verdict, rightly concluded that "they do not constitute evidence of the fact as against the defendant, Farmers Store Company. When Franklin made these statements, if he did make them, he was not acting in the line of his agency, and any declarations or admissions so made by him, are not original evidence of a fact as against the defendant, Farmers Store Company. The only force they could have would be by way of impeachment, or as affecting the credibility of Franklin's testimony." As those subsequent statements to Weinstock were no part of the *res gestæ* of the transactions between Franklin and Brown, the court's ruling in respect thereto was in accord with the rule applied in *Estate of Leedom,* 218 Wis. 534, 259 N. W. 721, 261 N. W. 683, 684, and the cases there cited. Under that rule, if the Boehmers Farmers Store had duly moved or requested to that effect, it would have been entitled to have that testimony disregarded by the jury as proof of the matters stated, even though when it was introduced, it was admissible against Franklin as an admission by a party to the action against his own interest. However, in the absence of any such motion or request by the Boehmers Farmers Store, there was no error of which it can complain in respect to that testimony.

On the other hand, reversible error was committed by the court in changing the jury's verdict by substituting a negative finding for the jury's affirmative answer on the ground that the latter was not supported by the evidence. It is well

established that "if the evidence is conflicting, or if the inferences to be drawn from the credible evidence are doubtful and uncertain, and there is any credible evidence which under any reasonable view will support or admit of an inference either for or against the claim or contention of any party, then the rule that the proper inference to be drawn therefrom is a question for the jury should be firmly adhered to, and the court should not assume to answer such question either upon a motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is returned." *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 115, 116, 228 N. W. 741. In the case at bar, inferences which afford sufficient basis to support the jury's finding could fairly and reasonably be made by the jury from evidence to the following effect: That, shortly prior to November 11, 1933, Brown had complained to Franklin about being unable to collect money from the plaintiff, and the latter had told Franklin that he would not accept his offer of $100 for the generator; that Franklin knew the manufacturer's price for such a generator was $165 to a dealer and $135 to a distributor; that Brown, after inquiring of Franklin by telephone at 6 p. m. whether he could still use the generator, and being told that the latter might do so, but would not purchase it at more than $100, immediately placed the generator in his automobile, and, that very night, took it one hundred and fifty miles outside of plaintiff's sales territory to Franklin's residence; and that, upon arriving after midnight, he stayed and kept the generator at Franklin's home until the next morning, when, at Franklin's direction, he delivered it to Boehmers Farmers Store, and was given its check for $100. In view of those facts, the jury could well conclude that Franklin knew that Brown was making the sale with such unusual haste and under such extraordinary conditions, that he knew, or had good reason to know, or believe, that the sale was not being made by Brown in the

usual course of business; that Brown was not authorized to sell the generator for $100; and that, therefore, Franklin could not rely upon any implied authority which might otherwise be deemed, under ordinary circumstances, to have vested in Brown to make a sale at less than $135 by reason of the fact that the generator was in his possession. *Clark v. Haupt,* 109 Mich. 212, 68 N. W. 231; *Beck v. Freund,* 117 N. Y. Supp. 193, 195; *Seven Hills Chautauqua Co. v. Chase Bros. Co.* 26 Ky. L. Rep. 334, 81 S. W. 238; *Brown v. West,* 69 Vt. 440, 38 Atl. 87; *Galbraith v. Weber,* 58 Wash. 132, 107 Pac. 1050, 28 L. R. A. (N. S.) 341. When an intending purchaser has knowledge of the extent of an agent's authority to make a sale, or when the facts and circumstances are such as to put him upon inquiry as to the authority and good faith of an agent from whom he is about to purchase, the principal will not be bound by the agent's act in excess of his actual authority. 2 C. J. p. 561, § 203. If, as is stated in Mechem, Agency (1st ed., 1889), ch. 7, § 786, ". . . the purchaser had notice of the agent's want of authority, or if he acted collusively with the agent, or if he has parted with no value, or if he purchased the property out of the usual course of business, he has no equities which are superior to those of the true owner."

It follows that, as there was sufficient evidence to fairly admit of the jury's answer that Franklin knew, or had good reason to believe, that Brown had no right to sell the plant for $100, it was error to substitute the court's finding to the contrary for that answer. Consequently, the jury's answer must be reinstated; and as, in view of the fact found thereby, there was no valid sale binding upon the plaintiff, in the absence of any ratification of Brown's unauthorized transaction, the plaintiff is entitled to judgment for the recovery of the value of the generator as found by the jury.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment as stated in the opinion.